[Civ. No. 24978. First Dist., Div. One. Mar. 17, 1969.]

CLIVE G. SHANNON et al., Plaintiffs, Cross-defendants and Respondents, v. NORTHERN COUNTIES TITLE INSURANCE COMPANY et al., Defendants, Cross-complainants and Appellants.

Robert D. Barbagelata, Barbagelata, Broderick, Carmazzi & Arnold for Defendants, Cross-complainants and Appellants.

W. M. Pinney, Jr., for Plaintiffs, Cross-defendants and Respondents.

ELKINGTON, J.—This appeal is taken from that portion of a judgment which awarded appellants (defendants and cross-complainants below) $500 as the reasonable value of attorney fees to which they were entitled. The only issue before us is whether the award was so insufficient as to constitute an abuse of the trial court's discretion.

The proceedings below arose out of a real estate transaction taking place in 1958. At that time, appellant John Barbagelata, a licensed real estate broker, in order to facilitate the purchase by respondents of certain San Francisco real property, loaned them the sum of $1,500, at the same time taking back a promissory note secured by a third deed of trust on the subject property. Both the promissory note and the deed of trust contained language obligating respondents to pay the reasonable value of attorney fees necessarily incurred in the collection of the note or in protecting the security therefor.

Respondents made no payments on the note for three years, as a result of which appellants commenced foreclosure proceedings. Shortly before a scheduled trustee sale of the sub-

ject property, respondents instituted this action by filing a complaint in the superior court alleging that they were induced to purchase the property and sign the note by false representations of John Barbagelata and praying for a temporary injunction restraining appellants from foreclosing on the property or transferring the note, general and punitive damages in the sum of $50,000, and cancellation of the note. By way of answer appellants denied the allegations of fraud and set up a cross-complaint for judgment on the note and reasonable attorney fees.

Upon motion of the respondents, trial of the matter was consolidated with two other pending actions against the seller of the subject property and termite control operators who were alleged to have participated in the fraud. The action against the sellers was eliminated on a motion for summary judgment, and a jury trial of the two remaining actions commenced November 9, 1966.

Respondents took 16½ days to put on their case, during all of which time Robert D. Barbagelata, as attorney for appellants, actively participated in the trial. On the last day of respondents' case, on motion of appellants, the court granted a nonsuit. On February 1, 1967, the court, without a jury, considered the matter of the cross-complaint, and admitted into evidence a declaration of appellants' attorney which itemized time and charges adding up to $9,153.75 in attorney fees. Thereafter the court entered judgment in favor of appellants for the full amount of the note plus interest, and $500 as reasonable attorney fees.

Turning to the merits of the instant appeal, we note, initially, that the burden which appellants must bear in seeking to upset the trial court's determination of reasonable attorney fees is substantial. ■ " 'What is a reasonable fee for such services is first committed to the sound discretion of the trial judge. An appellate court can only interfere with the decision of the trial court as to what constitutes reasonable attorney's fees where there has been a plain and palpable abuse of discretion. [Citations.]' " (*State of Cal.* v. *Westover Co.,* 140 Cal.App.2d 447, 449 [295 P.2d 96]; *Mountain View Union High School Dist.* v. *Ormonde,* 195 Cal.App.2d 89, 96 [15 Cal.Rptr. 461]; 6 Cal.Jur.2d, Attorneys at Law, § 101, p. 172.) As stated by Mr. Witkin: "Verdicts and judgments for the reasonable value of attorneys' services are usually upheld. The only basis for reversal would be that the amount was so

large (or so small) as to 'shock the conscience' and suggest that passion and prejudice influenced the determination. But the various factors to be considered . . . give such discretion to the trial court or jury that the attempt to show an abuse thereof on appeal is seldom successful. . . .'' (1 Witkin, Cal. Procedure (1954) Attorneys § 35, p. 43.)

A frequently alluded to and illustrative summary of the multitude of factors which the trial court may and should consider in making its award is found in *Berry* v. *Chaplin,* 74 Cal.App.2d 669, 678-679 [169 P.2d 453] : ''The compensation of an attorney does not lie in the economic law of supply and demand like the fluctuating price of wheat and potatoes. Among the factors to be considered in determining what constitutes a reasonable compensation for an attorney who has rendered services in connection with a legal proceeding are the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded [citation] ; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed. [Citations.] '' (See also *Boller* v. *Signal Oil & Gas Co.,* 230 Cal.App.2d 648, 652-653 [41 Cal.Rptr. 206] ; *Hurst* v. *Hurst,* 227 Cal.App.2d 859, 871 [39 Cal.Rptr. 162, 19 A.L.R.3d 635] ; 1 Witkin, Cal. Procedure (1954) Attorneys § 32, pp. 38-40 ; 6 Cal.Jur.2d, Attorneys at Law, § 101, pp. 169-170 ; Am. Bar Assn. cannon 12.)

Appellants devote almost their entire brief to a discussion of the time which Mr. Barbagelata spent on the case, which the court found to be 119 hours of nontrial time and 16½ days of court time ; the undisputed experience and skill of Mr. Barbagelata, whose record of accomplishments is certainly to be admired ; and, of course, his success in the instant case in obtaining a nonsuit on the complaint and full recovery on the note. Nevertheless, certain factors, not subject to scrutiny by this court in the absence of a full transcript of the proceedings below, indicate that the determination of the award is best left to the discretion of the trial judge, who was intimately familiar with all facets of the case.

Undoubtedly some portion of the time spent by appellants' counsel was wasted during trial of the action with which the instant case was consolidated. To what extent it was necessary

that appellants' counsel be present at this portion of the case, and what portion of the trial the consolidated case consumed is not readily ascertainable by this court in the absence of a record.

Nor is it ascertainable what portion of the time and energy expended by appellants' counsel related to collection of the note and protection of the security therefor, and what portion was spent in defending his clients against the fraud alleged in the complaint. It is true, of course, that in one sense defense of the charge of fraud was necessary in his efforts to collect the note—for if he failed in defending against the alleged fraud the note would have become uncollectible. On the other hand, if the allegations of the complaint were found to be true, that the appellants had participated in procuring a false certificate of completion that termite work had been completed in the premises which respondents bought through appellants, cancellation of the $1,500 note which respondents had executed would have been only a small item in the damages demanded. The complaint put into issue not only the $1,500 note, but a possible judgment against appellants for $50,000. Obviously Mr. Barbagelata's efforts to protect his clients from the allegations of fraud dwarfed any possible issue as to collection of the note.

Under such circumstances it would appear neither unreasonable nor an abuse of the wide discretion of the trial court for it to make an allocation of attorney fees attributable to the actual collection of the $1,500 note, as distinguished from those attorney fees more properly attribute to defense against a possible adverse $50,000 judgment. (Cf. *Russell* v. *United Pac. Ins. Co.*, 214 Cal.App.2d 78, 88-89 [29 Cal.Rptr. 346].)

In light of this conclusion, we find it unnecessary to consider appellants' further contention that they should be awarded additional attorney fees on appeal should they be successful.

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 14, 1969.