Don **DIAMOND**, Mort Freedman and Nationwide Resources Corporation, an Arizona corporation, Plaintiffs-Appellees/Cross-Appellants,

v.

The **JOHN MARTIN COMPANY**; Criterion Development, Inc.; Diamond View Village; John Martin; Frank Fehse; Diamond View Homes, Westmore Development Company and Morwill Construction Company, Defendants-Appellants/Cross-Appellees.

Nos. 83–6117, 83–6142.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 1984.

Decided Feb. 19, 1985.

Randel Davis, Nebenzahl & Kohn, Beverly Hills, Cal., for plaintiffs-appellees/cross-appellants.

Howard M. Bidna, Rhodes, Kendall & Bidna, New Port Beach, Cal., for defendants-appellants/cross-appellees.

Before SNEED, ANDERSON and FERGUSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

The John Martin Company, et al. (JMC), appeal an award of $807.50 in attorneys' fees on the ground that the district court abused its discretion in calculating the amount of the award. Don Diamond, et al. (Diamond), cross-appeal, arguing that the post-judgment motion for fees was not timely filed. Our review leads us to conclude that the fees motion was timely filed and that the award of fees, although very small in relationship to the original request, was not an abuse of discretion in light of the circumstances of this case.

### A. *Timeliness*

■ Diamond contends that attorneys' fees may only be included in a judgment as an element of costs under California Civil Code § 1717 and that, as such, the June 30, 1983 judgment was a binding determination of that issue. *See, e.g., Moulin Electric Corp. v. Roach,* 120 Cal.App.3d 1067, 175 Cal.Rptr. 111 (1981). By defining fees as an element of costs, Diamond argues that JMC failed to timely file under either Rule 59, Fed.R.Civ.P., or Cal.C.C.P. § 1033. We disagree.

Diamond's argument was largely rejected by the United States Supreme Court in *White v. New Hampshire Dept. of Emp. Sec.,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). There, the Court held that a post-judgment motion was the appropriate procedure and was not subject to the ten-day rule of Rule 59. *White* also indicated that district courts should be free to establish local rules concerning timeliness requirements for fees motions. *Id.,* 455 U.S. at 454, 102 S.Ct. at 1168, 71 L.Ed.2d at 333.

■ Local Rule 9.7.5 (as it appeared in 1981) provided that jurisdiction over attorney fees be reserved until after trial of the other issues. Additionally, Local Rule 15, in detailing recoverable "costs," does not mention attorneys' fees. When viewed together with Section 1717 and California case law defining fees awarded under Section 1717 as costs, we conclude that the local rules indicate that fees discussions

are properly reserved for post-judgment consideration, as was done in the instant matter.

## B. *Abuse of Discretion*

■ A district court's decision as to what constitutes a reasonable award of attorneys' fees is reviewed for abuse of discretion. *Shannon v. Northern Counties Title Insurance Company*, 270 Cal.App.2d 686, 76 Cal.Rptr. 7 (1969) (requiring a "plain and palpable" abuse for reversal); *Clejan v. Reisman*, 5 Cal.App.3d 224, 84 Cal.Rptr. 897 (1970). In view of the circumstances of this case, we find no abuse of discretion and therefore affirm.

At the outset, Diamond suggests that the trial court should have exercised its discretion under Rule 54(d), Fed.R.Civ.P., to deny *any* fee award. We disagree.

■ The rule in this circuit requires that federal courts in diversity actions apply state law with regard to the allowance (or disallowance) of attorneys' fees. *Schultz v. Lamp*, 591 F.2d 1268, 1272 (9th Cir.1978). The relevant statutory authority, California Civil Code § 1717, provides that a prevailing party in a suit on contract is entitled to an award of fees. *See, e.g., Lew Wenzel & Co., etc. v. London Litho Supply Co., Inc.*, 563 F.2d 1367, 1368 (9th Cir.1977). Where, as here, a party sued under an alleged contract containing an attorney's fee clause prevails by establishing that there was no such contract, that party is entitled to a section 1717 fee award. *Care Construction, Inc. v. Century Convalescent Centers, Inc.*, 54 Cal. App.3d 701, 126 Cal.Rptr. 761, 763 (1976). Therefore, we conclude that the trial court acted properly by applying state law and refusing to exercise its federal discretionary power under Rule 54(d).

■ JMC contends that the trial court erred in limiting the award to only those fees incurred in the defense of the second (breach of partnership agreement) cause of action. We do not agree.

A review of relevant authorities supports the trial court's request for segregation. Where a cause of action based on the contract providing for attorneys' fees is joined with other causes of action beyond the contract, the prevailing party may recover fees under section 1717 only as they relate to the contract action. *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 158 Cal. Rptr. 1, 3, 599 P.2d 83, 85 (1979). See *Stout v. Turney*, 22 Cal.3d 718, 150 Cal. Rptr. 637, 644, 586 P.2d 1228, 1235 (1978) (tort action for fraud arising out of contract is not action on a contract for purposes of section 1717). A litigant may not increase the fee recovery by joining a cause of action in which fees are not recoverable with one in which they are. *Reynolds, supra*, 158 Cal.Rptr. at 4, 599 P.2d at 84. The converse is also true; that is, joinder should not dilute the right to attorneys' fees. "Attorney's fees need not be apportioned when incurred for representation of an *issue* common to both a cause of action for which fees are proper and one in which they are not allowed." *Id.* (emphasis added); *I.M.O. Development Corp. v. Dow Corning Corporation*, 135 Cal.App.3d 451, 185 Cal.Rptr. 341, 349 (1982). The recognized barrier to segregation for purposes of calculating fee awards is inextricably intertwined issues. Thus, although timekeeping and billing procedures may make a requested segregation difficult, they do not, without more, make it impossible. *Fed-Mart Corp. v. Price*, 111 Cal.App.3d 215, 168 Cal.Rptr. 525, 529–532 (1980).

■ "An experienced trial judge is the best judge of the value of professional services in his court [and his judgment] will not be disturbed unless ... it is clearly wrong." *Serrano v. Priest*, 20 Cal.3d 25, 141 Cal.Rptr. 315, 328, 569 P.2d 1303, 1316 (1977). It is true that there are many criteria which may be considered in arriving at a fee award. *See, e.g., Erich v. Granoff*, 109 Cal.App.3d 920, 167 Cal.Rptr. 538, 544–545 (1980). It is equally true, however, that the burden of proof is on the party seeking the attorney fee award. *Fed-Mart, supra*. In view of the fact that the trial court based its award on the only direct evidence bearing on the issue and the fact that JMC was intransigent in the face of the district court's specific requests for further segregation and clarification,

we cannot say that the district court abused its discretion in awarding JMC $807.50 as attorneys' fees in the instant matter.

For the foregoing reasons, the decision of the district court is

AFFIRMED.