956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DOLLAR LEASING, INC.; Dollar Rent a Car Systems, Inc.;
Dollar Rent a Car of Southern California, Inc.;
Dollar Rent a Car of San Francisco,
Plaintiffs-Appellants,
v.
THORNWOOD LEASE PLAN, INC., dba Lease Plan Use, Defendant-Appellee.
 No. 90-55366.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1991.
Decided Feb. 24, 1992.
 
 Before TANG, REINHARDT and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In 1985, Dollar Rent A Car and Thornwood Lease Plan entered into a master lease agreement under which Thornwood would lease cars to Dollar. In January 1986, the parties entered into a superseding agreement which provided that Thornwood would finance 1986 Cadillacs and lease them to Dollar ("the 1986 Cadillac Agreement"). In October 1986, Thornwood and Dollar entered into a third agreement that provided for the financing and lease of 1987 Cadillacs ("the 1987 Cadillac agreement"). The third agreement provided that it would not take effect unless all the outstanding charges under the 1986 Cadillac agreement were paid in full or otherwise settled. Thornwood failed to finance the Cadillacs under the 1987 Cadillac agreement. Dollar filed suit against Thornwood for breach of this contract. Thornwood brought a motion for summary judgment based on the fact that there were outstanding charges on the 1986 Cadillac agreement and, therefore, Thornwood had no obligation to fund the 1987 Cadillac agreement. Dollar asserted that Thornwood waived this requirement. The district court granted Thornwood's motion for partial summary judgment. Dollar appeals. We affirm.
 
 DISCUSSION
 1. Waiver
 
 3
 Dollar's main contention is that Thornwood waived the condition precedent that released Thornwood from performing under the 1987 Cadillac agreement. Because of the parol evidence rule, Dollar's argument fails because Dollar did not present competent evidence of that purported waiver prior to October 10, 1986. Additionally, any purported waiver made after October 10, 1986, was rescinded and Dollar did not show any detrimental reliance on that waiver.
 
 
 4
 a. Waiver of Condition Precedent Prior to October 10, 1986.
 
 
 5
 To the extent that Dollar alleges that Thornwood waived its condition precedent prior to October 10, 1986, the district court did not err in finding no admissible evidence on the record to support this contention in light of the integration clause contained in the 1987 Cadillac agreement. First, it makes no sense for Dollar to allege that Thornwood waived a condition precedent that the parties had not contractually agreed upon at the time of the alleged waiver.
 
 
 6
 Second, and more importantly, any oral or written communications between Thornwood and Dollar prior to the agreement of October 10, 1986, are not admissible to prove the terms of this contract or that the terms were waived. The parol evidence rule prohibits the introduction of any extrinsic evidence, oral or written, to vary or add to the terms of an integrated written instrument. Blumenfeld v. R.H. Macy & Co., 92 Cal.App.3d 38, 44, 154 Cal.Rptr. 652, 655 (1979); Cal.Civ.Proc.Code § 1856(a); 2 B. Witkin, California Evidence § 960 (3d ed. 1986). Clauses in written agreements stating that the writing shall constitute the entire contract, and that there are no other agreements, warranties, or representations other than those expressly mentioned, are conclusive on the issue of integration. California Evidence § 972; cf., Masterson v. Sine, 68 Cal.2d 222, 225, 65 Cal.Rptr. 545, 547 (1968).
 
 
 7
 The October 10, 1986 agreement contained an integration clause. To the extent that there may have been a contemporary or prior oral agreement to waive the condition precedent, the parol evidence rule prohibits Dollar from introducing that agreement. Therefore, Dollar failed to demonstrate any evidence of a waiver of the condition prior to October 10, 1986.
 
 
 8
 b. Waiver of the Condition Precedent after October 10, 1986
 
 
 9
 Dollar's next argument is that the condition precedent was waived after October 10, 1986, by Thornwood's communications with Dollar's agents, Judith Smith and Martin Cadillac. Specifically, Dollar contends that Thornwood waived the condition in its 1987 contract when it gave Smith permission to order the cars. We assume, for purposes of this appeal, that Judith Smith and Martin Cadillac are Dollar's agents. Thornwood nevertheless presented unequivocal evidence that, in a letter dated October 30, 1986, it rescinded any alleged waiver. The district court proceeded to enter judgment for Thornwood on the ground that Dollar had not demonstrated detrimental reliance on the rescinded waiver.
 
 
 10
 Dollar argues that the district court erred in concluding that waiver requires detrimental reliance. Alternatively, Dollar argues that it did present evidence of its detrimental reliance on Thornwood's promise to finance the Cadillacs. Because we find no evidence that Dollar detrimentally relied on the waiver, Thornwood's retraction was valid and terminated any obligation Thornwood may have had under the 1987 Cadillac agreement.
 
 
 11
 California case law establishes that "detrimental reliance is not a necessary element of waiver." Rubin v. Los Angeles Fed. Sav. & Loan Ass'n, 159 Cal.App.3d 292, 298, 205 Cal.Rptr. 455, 459 (1984). However, the relevant question here is not whether Thornwood waived the condition precedent, but rather whether, having waived the condition, Thornwood could later rescind that waiver.
 
 
 12
 A waiver may be retracted until the other party materially changes his position in reliance upon it. In other words, though waiver is usually defined as an "intentional relinquishment of a known right," the relinquishment of a contractual right, to be binding, generally requires an additional showing of (a) consideration, or (b) election of one of two inconsistent rights, or (c) estoppel.
 
 
 13
 1 B. Witkin, Summary of California Law (Contracts) § 769 (9th ed. 1987) (emphasis in original).
 
 
 14
 The testimony and evidence presented established that Judith Smith, the agent of Dollar, did not speak to Thornwood until October 20, 1986. The evidence also established that the cars were ordered in September 1986. The claimed act in reliance thus occurred prior to the waiver. Accordingly, Dollar has not established that it relied on Thornwood's waiver in ordering these cars.
 
 
 15
 Thornwood's letter of October 31, 1986 effectively rescinded any waiver that Thornwood might have implied to Smith. Because Dollar failed to demonstrate that it took steps in reliance on the waiver or materially changed its position between October 20th and 31st, no genuine issues of material fact remain in this case. The district court did not err in holding that Thornwood validly rescinded any waiver of its condition precedent.
 
 
 16
 c. Conclusion
 
 
 17
 The district court did not err in granting partial summary judgment for Thornwood because Dollar has failed to show admissible evidence of a waiver prior to October 10, 1986 and Dollar failed to demonstrate that it relied on Thornwood's waiver prior to its rescission on October 31, 1986.
 
 2. Attorney's fees
 
 18
 The district court in its order granting partial summary judgment for Thornwood held that Thornwood is entitled to attorney's fees under the Corporate Guarantee. Dollar contests the fee award on the basis that the district court chose the wrong law. Dollar also argues that the district court abused its discretion in granting the fee requests (1) without supporting documentation; (2) without closely analyzing the requests; (3) because Thornwood failed to segregate the fees from the first and third causes of action; and (4) because the fee requests included services such as copying, messengers, paralegals, and word processing.
 
 
 19
 a. Choice of Law
 
 
 20
 Dollar argues that the district court erred in applying California law in this case because the Corporate Guarantee explicitly stated that it would be construed under Georgia law.[1]
 
 
 21
 In its order granting the fees, the district court stated that Dollar failed to establish that Georgia law conflicted with California law. Additionally, the court held that, even if Georgia law is in conflict with California law, the choice of law in this case has long since been determined to be California.
 
 
 22
 A court sitting in diversity is required to apply the substantive law of the state in which it sits, including choice of law rules. Harmsen v. Smith, 693 F.2d 932, 946-47 (9th Cir.1982), cert. denied, 464 U.S. 822 (1983). Under California law, a party who asserts that another jurisdiction's law is applicable must demonstrate that the law of the other state is significantly different from the law of California. Id. at 947. In this case, Dollar has failed to establish that Georgia law governing attorney's fees is significantly different from California law. Therefore, Dollar's claim of error fails.
 
 
 23
 b. Adequate Supporting Documentation and Evaluation of Request
 
 
 24
 Dollar argues that the district court abused its discretion by failing to require adequate support for the attorney's fees request. Dollar argues that counsel's affidavit of his normal hourly charge is not sufficient to meet Thornwood's obligation to present facts showing the basis for the hourly fee requested. Dollar also argues that the fees allowed for the time period during which Thornwood was challenging the motion to amend the complaint were excessive in light of the small amount of work product.
 
 
 25
 In support of its fee application, Thornwood presented the declarations of Steven Davis. Davis listed the name of the attorney performing services, the tasks performed, the hourly rate charged by each attorney, and the total amount billed per task. Davis's declarations also included expenses for photocopying, telephone, fax services, word processing, filing fees, messenger services, court reporters, Lexis charges, and travel expenses. The total fees were $70,286.48. The district court concluded that the fees were appropriate and reasonable.
 
 
 26
 Dollar asserts that the district court abused its discretion by failing to engage in the detailed analysis mandated by Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976). In Kerr, the Ninth Circuit adopted guidelines for district courts to follow in calculating the reasonableness of attorney's fees. Kerr advised the district courts to weigh (1) the time and labor required; (2) the novelty and the difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. These guidelines apply in a case arising under the attorney fee provision of California Civil Code § 1717. See LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1341-42 (9th Cir.1986).
 
 
 27
 A complete failure to consider the Kerr guidelines constitutes an abuse of discretion. Id. at 1342. Consideration of some factors and a conclusion that the remaining are not relevant is not an abuse of discretion. Id. The district court considered the time and labor required by reviewing the declarations. The court considered the amount of the fee and the fact that this was a fixed fee case. By virtue of awarding the fees, the court was aware of the results that Thornwood obtained because, under California law, fees are awarded only to prevailing parties. Cal.Civ.Code § 1717. The district court thus considered the factors required by Kerr, and did not abuse its discretion in granting Thornwood's fee application.
 
 
 28
 c. Segregation of Charges Not Relating to First and Third Cause of Action
 
 
 29
 Dollar argues that the district court abused its discretion in failing to require Thornwood to segregate those fees expended on the second cause of action because Thornwood was not a prevailing party on those claims. Dollar cites only the statutory language of section 1717 to establish its argument. However, Ninth Circuit case law indicates that the district court did not run afoul of section 1717 in failing to require segregation of the fees generated for the second cause of action as opposed to those for the first and third causes of action of Dollar's complaint. " 'Attorney's fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are proper and one in which they are not allowed.' " Diamond v. John Martin, Co., 753 F.2d 1465, 1467 (9th Cir.1985) (quoting Reynolds Metals v. Alperson, 25 Cal.3d 124, 129-30, 158 Cal.Rptr. 1, 4 (1979)). "The recognized barrier to segregation for purposes of calculating fee awards is inextricably intertwined issues." Diamond, 753 F.2d at 1467. In this case, the district court held that the issues were interrelated. This conclusion is not an abuse of discretion. Therefore, the district court's award of fees is affirmed.
 
 
 30
 d. Fees for Miscellaneous Services
 
 
 31
 Dollar argues that the district court erred in allowing attorney's fees for summarizing depositions, photocopying, word processing, messengers, and clerical overtime.
 
 
 32
 The district court concluded that it is a common practice among law firms to bill clients separately for these charges and that there is no indication that these charges are duplicative. California Civil Code § 1717 provides that the party prevailing on the contract "shall be entitled to reasonable attorney's fees in addition to other costs." The district court did not abuse its discretion in treating the disputed expenses as "other costs."[2]
 
 
 33
 e. Conclusion
 
 
 34
 The district court did not err in applying California law in this case because Dollar failed to demonstrate that Georgia law is substantively different from California law. The district court did not abuse its discretion in determining the amount of the fee and granting the fees for the various legal services.[3]
 
 3. Attorney's Fees on Appeal
 
 35
 The relevant statutory authority, California Civil Code § 1717, provides that a prevailing party in a suit on contract is entitled to an award of fees where the contract contains a attorney's fee provision. Diamond, 753 F.2d at 1467. Even where a party who sued under a contract containing an attorney's fee clause prevails by proving that no such contract exists, that party is entitled to fees under section 1717. Id.
 
 
 36
 Attorney's fees on appeal are also recoverable under section 1717. M.C. & D. Capital Corp. v. Gilmaker, 204 Cal.App.3d 671, 677, 251 Cal.Rptr. 178, 182 (1988); LaFarge, 791 F.2d at 1342. Therefore, as the prevailing party, Thornwood is entitled to the attorney's fees incurred in defending this appeal. LaFarge, 791 F.2d at 1342.
 
 CONCLUSION
 
 37
 The district court did not err in granting partial summary judgment. Dollar failed to present any evidence raising a triable issue of fact either as to a waiver prior to the contract or of Dollar's reliance on Thornwood's alleged waiver. The district court did not err in granting attorney's fees. Thornwood is entitled to attorney's fees on appeal. Thornwood shall submit a detailed fee application within thirty days from the date of this memorandum disposition. The judgment of the district court is
 
 
 38
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 39
 I dissent. Although I am in general disagreement with the majority disposition, it is necessary to mention only one reason why I believe that summary judgment was improper. Dollar Leasing contends that it lost a substantial amount of money because it delayed obtaining alternate financing in reliance on Thornwood's initial promise and subsequent waiver. Because the waiver led Dollar to refrain from taking actions it would otherwise have taken, Thornwood was estopped from retracting it. At least, there is a genuine issue of material fact regarding those matters. I would therefore reverse.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dollar argues that it was unable to assert this argument before the trial court due to the way in which Thornwood brought up the basis for its fee award in its supplemental memorandum filed January 30, 1989. However, this contention is belied by the fact that the district court analyzed this argument in its order granting the fees
 
 
 [2]
 We note that the Supreme Court in Missouri v. Jenkins by Agyei, 491 U.S. 274, 285, 288 n. 10 (1989), allowed attorneys to bill separately for paralegal time, clerical work, and secretarial time under 42 U.S.C. § 1988
 
 
 [3]
 Without authority, Dollar argues that if this case is remanded for trial, this court should order the district court to allow Dollar to file its amended complaint. In light of our disposition, we do not address this issue