1 F.3d 1246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard A. CHAN, Plaintiff-Appellee,
v.
CHASE AIRCRAFT FINANCE CO., unincorporated division of Chase
Commercial Corporation; Chase Commercial
Corporation, et al, Defendants-Appellants.
 No. 91-16417.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1993.*
Decided July 29, 1993.
 
 Before SNEED, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In our memorandum disposition of July 18, 1991, we stated:
 
 
 3
 The district court's explanation of its fee award does not provide us with enough information to determine whether it erroneously denied fees for defending those aspects of the fraud claims which were inextricably intertwined with its contract collection action.... It may be that defense of the fraud claims is intertwined, but that defense of the RICO and conspiracy claims present separate issues.[5] The district court is much more familiar with this case than we, and is in a better position to sort out these issues on remand.
 
 
 4
 In the indicated footnote 5, we stated that the issue whether the guarantee contracts constituted "securities" for purposes of federal and state securities statutes "does not appear to be inextricably intertwined with Chase's action 'on the contract.' "
 
 
 5
 On remand, the district court responded to these concerns. It stated that the fees that it had awarded were "for defendant's prosecution of its counterclaim and for defense of plaintiffs' fraud claims since this claim was found to be inextricably intertwined with the contract collection action." Order on Remand, p. 2. It also stated that "as a general matter the RICO and conspiracy claims were and are essentially distinct from the contract claim," although if they were not, the performance of counsel would not justify a larger award. Id. n. 3.
 
 
 6
 These rulings have support in the record and are well within the broad discretion allowed the district court in making fee allocations under California law. See Shannon v. Northern Counties Title Ins. Co., 76 Cal.Rptr. 7, 10 (Ct.App.1969). The recent decision in Finalco, Inc. v. Roosevelt, 3 Cal.Rptr.2d 865 (Ct.App.1991), relied upon by Chase, is not to the contrary. In Finalco, the claims defended against were more clearly intertwined with the offensive claim carrying the fee entitlement. Moreover, the Court of Appeal in Finalco was affirming the trial court's award.
 
 
 7
 With regard to Chase's contention that the award of $56,382 was too low even when time spent on the RICO and conspiracy claims was disregarded, we disagree. The district court made clear its reasons for severely devaluing Chase's fee claims: far too many hours were billed in connection with the summary judgments; briefing was disorganized and unnecessarily complicated; the case was "both over and badly litigated." Order on Remand, p. 3. California law does not require the district court to use a lodestar analysis. Montgomery v. Bio-Med Specialties, Inc., 228 Cal.Rptr. 709, 711-12 (Ct.App.1986). It requires only that the district court explain itself sufficiently so that this court may determine whether there has been a "manifest abuse of discretion." Id. at 712. This the district court has done.
 
 
 8
 Chase contends that the district court employed an improper proportionality approach. We disagree. It is clear from the district court's order that it considered many factors other than proportionality. The district court was not required to disregard proportionality entirely; it was only required not to make it "controlling." Niederer v. Ferreira, 234 Cal.Rptr. 779, 793 (Ct.App.1987).
 
 
 9
 We observed in our prior memorandum disposition that the district court did not indicate what part of its award was for attorneys' fees and what part for costs. On remand, the district court stated that "no part of the award in contention was for costs. See Eastern District Local Rule 292." Order on Remand, p. 2 n. 2. Appellees concede in their brief that the import of the district court's order is that the entire $56,382 is for attorneys' fees, and that costs are to be taxed and entered by the Clerk of the district court in accord with Local Rule 292.
 
 
 10
 We conclude that the district court fulfilled all the requirements of our mandate, and that it did not abuse its discretion in awarding attorneys' fees to Chase in the amount of $56,382. The order of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3