28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
L.E.S. PROPERTIES HOTEL VENTURE, L.P., a California limited
partnership, Plaintiff-Appellant,
v.
WESTIN HOTEL COMPANY, a Delaware corporation, Defendant-Appellee.
L.E.S. PROPERTIES HOTEL VENTURE, L.P., a California limited
partnership, Plaintiff-Appellee,
v.
WESTIN HOTEL COMPANY, a Delaware corporation, Defendant-Appellant.
 Nos. 93-55095, 93-55112.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1994.
Decided May 31, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and WILLIAMS,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 L.E.S. Properties ("L.E.S.") appeals, and Westin Hotel Co. ("Westin") cross-appeals, the district court's judgment following a jury trial on L.E.S.'s tort and contract claims arising out of a failed hotel venture. This is a diversity action in which California law applies.
 
 
 4
 * L.E.S. first claims the district court was required to enter a judgment of $5,570,250 in compensatory damages to comply with the jury's intended verdict. L.E.S. does not appear to argue that the jury could aggregate the awards on its numerous claims; rather, it asserts that the jury intended to award $5,570,250 on each. However, this is clearly contrary to the special verdict form, wherein the jury awarded various amounts on the various theories of recovery. And, to the extent the jury did seek to aggregate the separate awards, as it seems to have indicated in its response to the judge's question, it was not entitled to do so. L.E.S. asserted multiple theories of recovery--with "[common] issues of fact and proof," RT of 10/27/92 at 19--so that the separate awards are duplicative of each other; L.E.S. could only recover on one. Shell v. Schmidt, 126 Cal.App.2d 279, 291 (Cal.Ct.App.1954). In essence, the special verdict form forced the jury to consider the legal bases for L.E.S.'s claims, when it seems to have wanted only to decide how much the case as a whole was worth.
 
 
 5
 The trial judge properly awarded L.E.S. $1,457,000 in compensatory damages for negligent misrepresentation, the highest award among the various causes of action.
 
 II
 
 6
 L.E.S. also claims the district court erred in granting judgment pursuant to Fed.R.Civ.P. 50 in favor of Westin on its punitive damages claim.
 
 
 7
 A. L.E.S. first claims the district court erred in entering this judgment because Westin did not assert the insufficiency of proof of punitive damages in a motion for judgment as a matter of law at the close of plaintiff's case. But Rule 50 contains no such requirement: "Motions for judgment as a matter of law may be made at any time before submission of the case to the jury." Fed.R.Civ.P. 50(a)(2). Westin made its motion--including a claim of insufficient evidence to support an award of punitive damages--at the close of all the evidence. This was perfectly proper.
 
 
 8
 B. We must therefore decide whether "the evidence and inferences, viewed in the light most favorable to the nonmoving party, can support only one conclusion: that the moving party was legally entitled to a favorable judgment." City of Phoenix v. COM/Systems, Inc., 706 F.2d 1033, 1036 (9th Cir.1983). To recover punitive damages, L.E.S. had to show "by clear and convincing evidence that [Westin was] guilty of oppression, fraud, or malice," Cal.Civ.Code Sec. 3294, that it "act[ed] with the intent to vex, injure or annoy, or with a conscious disregard of the plaintiff's rights." Silberg v. California Life Ins. Co., 11 Cal.3d 452, 462 (1974). L.E.S. did not make such a showing.
 
 
 9
 We agree with the district court that the evidence L.E.S. presented did not sufficiently support an award of punitive damages. Westin was entitled to judgment as a matter of law on this issue.
 
 III
 
 10
 Westin claims the district court erred in instructing the jury to consider a breach of the implied covenant of good faith and fair dealing in the Pre-opening Services Agreement because there was insufficient evidence that it breached that agreement. Westin, however, did not move for judgment as a matter of law on that issue, as required by Fed.R.Civ.P. 50(b). There is no authority in this circuit to support Westin's argument that its objection to Jury Instruction No. 19 was sufficient to comply with Rule 50(b)'s requirements; it is thus precluded from challenging the sufficiency of the evidence on appeal. Benigni v. City of Hemet, 879 F.2d 473, 476 (9th Cir.1988); Farley Transp. Co. v. Santa Fe Transp. Co., 786 F.2d 1342, 1347 (9th Cir.1985).
 
 IV
 
 11
 Westin also claims the district court erred in awarding L.E.S. its attorney's fees and litigation expenses. We apply state law in reviewing its claim, Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir.1985), and we find no error. Both parties had agreed that the prevailing party would be entitled to reasonable attorney fees "[i]n any legal proceeding of any nature ... involving the ... enforcement of any of the terms of [the Pre-Opening Services Agreement]." Those terms included, among others, an implied covenant of good faith and fair dealing, Seaman's Direct Buying Servs., Inc. v. Standard Oil Co., 36 Cal.3d 752, 768 (1984), that the jury found had been breached. L.E.S. was thus entitled to recover reasonable attorney's fees and litigation expenses. Cal.Civil Code Sec. 1717; see Bussey v. Affleck, 225 Cal.App.3d 1162, 1166 (Cal.Ct.App.1990).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Spencer M. Williams, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3