83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marijan POOSHS, Plaintiff-Appellee,
v.
FLUOROWARE, INC., Defendant-Appellant.
 No. 94-16588.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1996.
Decided April 22, 1996.
 
 1
 Before: SCHROEDER and TROTT, Circuit Judges, and REED,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant-Appellant Fluoroware, Inc. appeals from a jury verdict for Plaintiff on his age discrimination claim, as well as from an award of attorney fees. Fluoroware assigns as error the district court's refusal to instruct the jury that an employer that reduces its work force has no duty to relocate an employee terminated pursuant to that reduction in force. Fluoroware also assigns as error the hourly rate and multiplier used by the district court in calculating the attorney fee award. We affirm.
 
 Facts
 
 4
 Plaintiff Marijan Pooshs, an experienced and highly qualified electrical engineer, was hired in March 1990 by defendant Fluoroware, a manufacturer of equipment used in the production of semiconductors. Mr. Pooshs was assigned to work out of defendant's branch office in San Jose, California. Pooshs was then 55 years old. Appellant Brief at 6-8. In February 1992, during a period of economic adversity, Fluoroware decided to close the San Jose office, and in July 1992 Pooshs was discharged. Appellee Brief at 8-9.
 
 
 5
 Fluoroware informed Pooshs that it intended to reassign his responsibilities to a position to be filled at its main facility in Chaska, Minnesota. Fluoroware rejected Pooshs's request to be allowed to relocate to Chaska and resume his duties there, and subsequently hired a younger and less qualified engineer locally. Appellee Brief at 8-11.
 
 Proceedings Below
 
 6
 Plaintiff Pooshs sued defendant Fluoroware, Inc., in a California court, alleging age discrimination in violation of Cal.Civ.Code § 12940, as well as breach of contract and breach of the implied covenant of good faith and fair dealing. Defendant Fluoroware, invoking federal diversity jurisdiction, removed the action to federal district court.
 
 
 7
 The district court held a hearing on proposed jury instructions on March 22, 1994. At that hearing counsel for defendant Fluoroware requested that the jury be instructed as follows:
 
 
 8
 When an employer reduces its work force or reorganizes its company for economic reasons, it incurs no duty to transfer or relocate employees to any position in the company.
 
 
 9
 The court refused to give the instruction as proposed, offering instead to give it with several modifications relating to what the court deemed were factual issues regarding (a) the occurrence of a reduction in force and (b) the existence of a general company policy to relocate workers whose jobs had been eliminated.[1] Defense counsel declined the instruction as modified by the court, and the court thereupon ruled that the "no duty to relocate" instruction would not be given to the jury.[2]
 
 
 10
 The jury found Fluoroware liable on all three of plaintiff's theories of liability, awarding plaintiff $450,000 in economic damages and an additional $50,000 in noneconomic damages. The district court entered judgment for plaintiff Pooshs in the amount of $500,000. After a hearing the court awarded plaintiff costs and attorney fees in the amount of $279,414.20.
 
 Discussion
 I. The Jury Instruction
 
 11
 Fluoroware assigns as error the refusal of the district court to instruct the jury that an employer has no duty to relocate employees whose jobs are eliminated pursuant to a reduction in work force or a corporate reorganization. Appellant's Brief at 3.
 
 A. Preservation of Error
 
 12
 Pooshs, however, submits that Fluoroware failed to fulfill Fed.R.Civ.P. 51's requirements that a party must object to the giving or the failure to give a jury instruction before the jury begins deliberations, and must also "distinctly state the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51. Failure to comply with Rule 51 forecloses review of rulings on jury instructions. Id.; McGonigle v. Combs, 968 F.2d 810, 823 (9th Cir.), cert. dismissed sub nom. Casares v. Spendthrift Farm, Inc., 113 S.Ct. 399 (1992).
 
 
 13
 Although we generally demand strict compliance with Rule 51, a party may seek review of a ruling on jury instructions, despite its failure to lodge a formal objection, where the record shows the trial court to have been fully aware of the party's objections and the grounds therefor and that further objection would have been futile. United States ex rel. Reed v. Callahan, 884 F.2d 1180 (9th Cir.1989), cert. denied, 493 U.S. 1094 (1990).
 
 
 14
 Prior to the district court's ruling on the proposed "no duty to relocate" instruction Defendant Fluoroware filed points and authorities in support of the instruction. The court indicated at a hearing that it would not give the proposed instruction without several modifications. Defense counsel complained that the modification relating to the existence of a company relocation policy was not supported by the evidence. The court disagreed, and defense counsel rejected the instruction as modified, to which the court replied, "then [the instruction] won't be given."
 
 
 15
 At the conclusion of the hearing the court asked whether counsel requested any additional instructions other than the stock instructions regarding deliberations or any on which the court had previously ruled, to which both plaintiff's and defendant's counsel responded in the negative. Appellant's Reply Brief at 3. The court's question indicated, by negative implication, that it would not entertain further argument or objections respecting jury instructions on which it had already ruled.
 
 
 16
 Where a party has made clear to the court its position on a proposed jury instruction, and "it is plain that further objection would be unavailing," Rule 51 does not require the making of an additional fruitless objection in order to preserve for appeal an objection to the court's ruling on the instruction. Brown v. Avemco Inv. Corp., 603 F.2d 1367, 1370 (9th Cir.1979). The purpose of Rule 51 is the prevention of unnecessary new trials resulting from errors in jury instruction which could have been corrected by the trial court if brought to the court's attention before the jury begins deliberations. Rule 51 "was not intended to require pointless formalities." Brown, 603 F.2d at 1371 (quoting Robinson v. Heilman, 563 F.2d 1304, 1306 (9th Cir.1977)).
 
 
 17
 Here, as in Brown, the district court was plainly aware of Fluoroware's position regarding the proposed "no duty to relocate" instruction and the court's proposed modifications of that instruction. The court's refusal to give the instruction without the proposed modifications represented a final decision on the matter, and it was thus clear that any further objections on the matter would have been pointless and wasteful of the court's time. Brown, 603 F.2d at 1370 (citing Stewart v. Ford Motor Co., 553 F.2d 130, 140 (D.C.Cir.1977)).
 
 
 18
 In this situation, "[t]o require [defendant/appellant] to object after the instructions were given is to require a pointless formality. To preclude review of the court's instructions on this basis would exalt form over substance...." Brown, 603 F.2d at 1371. Therefore, defendant Fluoroware properly preserved its objection.
 
 B. Propriety of the Ruling
 
 19
 In this Circuit, where the parties dispute the sufficiency of evidence to support a jury instruction, the ruling of the trial court is reviewed for an abuse of discretion. United States v. Hairston, 64 F.3d 491, 493 (9th Cir.1995) (citing United States v. Duran, 59 F.3d 938, 940 (9th Cir.), cert. denied, 116 S.Ct. 535 (1995). Our inquiry is whether the jury instructions as a whole were misleading or otherwise inadequate to guide the deliberations of the jury. People v. McGravey, 14 F.3d 1344, 1346 (9th Cir.1994).
 
 
 20
 Appellant Fluoroware submits that the evidence did not justify an instruction to the jury regarding the existence of any "relocation policy." It is true that the portion of the employee manual relating to relocation deals only with the procedure for relocating an employee once the decision to relocate her has been taken by management. The manual is silent on the criteria used in making the decision whether or not to relocate an employee.
 
 
 21
 Moreover, the evidence adduced by plaintiff that several employees were relocated during fiscal year 1992--the period during which Appellant claims that economic hardship forced it to eliminate 13 percent of its work force--is simply not evidence that Fluoroware had ever relocated a terminated employee, much less made such a practice a matter of policy.
 
 
 22
 On the other hand, Appellee produced evidence that seven employees were transferred between 1991 and 1994. First, in evaluating the bona fides of Fluoroware's reduction in force defense, only those relocations which occurred during the relevant period of economic hardship are relevant. There were three: Marshall, Anderson, and Sturm. The other relocations occurred after the end of fiscal year 1992, and thus have no bearing on the validity of Fluoroware's defense based on a reduction in force and/or corporate reorganization which it claims to have carried out during that fiscal year.
 
 
 23
 Second, not one of these three employees was relocated following a management decision to eliminate their jobs. Marshall was a brand-new hire, Anderson was a promotion, and Sturm was a lateral transfer. The evidence of these "relocations," therefore, falls vastly short of establishing any company policy of relocating terminated employees.[3]
 
 
 24
 Nonetheless, to the extent that Pooshs claims discrimination in Fluoroware's decision not to rehire him in Chaska,[4] the evidence that during the relevant period Fluoroware was relocating employees would have justified an instruction to the jury that any relocation policy must be applied evenhandedly, without regard to an employee's age. The "no-duty-to-relocate" instruction proposed by Fluoroware would have been misleading: As proposed, the instruction elided the distinction between the lack of any absolute duty to relocate employees and the affirmative duty to apply any existing relocation policy fairly.
 
 
 25
 The district court was thus well within her discretion to offer modifications to the proposed instruction. Defendant's trial counsel was apparently unwilling to attempt to tailor the proposed instruction so that it would accord with the court's understanding of the law. In the face of defense counsel's refusal to negotiate, it was no abuse of discretion for the district court to withhold the proposed instruction.
 
 
 26
 Even assuming, arguendo, that the district court's proposed modifications to the "no-duty-to-relocate" instruction were either legally inaccurate or without basis in the evidence, defense counsel's precipitous refusal to negotiate constitutes invited error, precluding review of the district court's ruling. United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991). In response to the court's proposed modifications, defense counsel expressed exasperation, saying "Well, your Honor, I mean, I think to try to redo that instruction now to fit everybody's view of the evidence and the law would be an impossible task." The district court replied, "Then it won't be given. Okay." Defense counsel answered, "Understood." In this way Fluoroware "induced" any erroneous ruling, and may not now complain that such ruling constitutes reversible error. United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.), cert. denied, 113 S.Ct. 2948 (1993).
 
 II. The Attorney Fee Award
 
 27
 Fluoroware also assigns as error the district court's award of attorney fees to Pooshs in the amount of $279,414.20. Fluoroware does not challenge either Pooshs's entitlement to a fee award, or the determination of the number of hours for which Pooshs's lawyer should have been compensated. It does challenge the $335 hourly rate used by the district court to calculate that portion of the fee award to be paid plaintiff's lead counsel, and it challenges as well the district court's application of a multiplier of two. Appellant Brief, at 28. Fluoroware submits that these two determinations were both abuses of the district court's discretion.
 
 
 28
 Where a federal court, sitting in diversity, adjudicates a claim based on a state anti-discrimination statute, an award of attorney fees is governed by state law. Crommie v. State of California Pub. Util. Comm'n, 840 F.Supp. 719, 724 (C.D.Cal.1994), aff'd in part sub nom. Mangold v. State of California Pub. Util. Comm'n, 67 F.3d 1470 (9th Cir.1995). Because Pooshs brought his age discrimination claim under California law, Pooshs was awarded attorney fees not under the federal attorney fee statute, but pursuant to Cal.Gov't Code § 12965(b).[5]
 
 A. The Hourly Rate
 
 29
 Under California law, the reasonable hourly rate for a lawyer's services is that rate prevailing in the community for similar work. Shaffer v. Superior Court, 33 Cal.App.4th 993, 1002, 39 Cal.Rptr. 506, 512 (1995), review denied (June 15, 1995). The determination of a reasonable hourly rate for the purpose of an award of attorney's fees is committed to the sound discretion of the trial court, and a reviewing court must permit that determination to stand absent a "manifest abuse of discretion." Walters v. Marler, 83 Cal.App.3d 1, 36, 147 Cal.Rptr. 655, 677 (1978). An award of attorney fees may be reversed only where the amount is so large or so small as to shock the conscience of the appellate court and suggest that passion and prejudice influenced the determination. Shannon v. Northern Counties Title Ins. Co., 270 Cal.App.2d 686, 689, 76 Cal.Rptr. 7, 9 (1969). Moreover, the trial court need not take testimony or any other direct evidence of the reasonable value of the fee applicant's legal services; the knowledge and experience of the trial judge is sufficient. Clejan v. Reisman, 5 Cal.App.3d 224, 241, 84 Cal.Rptr. 897, 908 (1970).
 
 
 30
 Fluoroware complains that the district court's "failure to consider the billing rates charged by defense counsel" constituted an abuse of discretion. Fluoroware is dead wrong. The record reveals extensive consideration by the district court of defense counsel's fees. The court's response to defense counsel's argument that plaintiff's counsel should be awarded fees based on an hourly rate comparable to that paid defense counsel was that at $125 per hour defense counsel was vastly underpaid. The court's finding that $125 was far below the market rate for an hour of a San Francisco lawyer's time does not, in this court's opinion, constitute a "manifest abuse of discretion."
 
 B. The Multiplier
 
 31
 Fluoroware's final contention is that the district court's use of a multiplier in computing the fee award was the result of the court's faulty understanding of the law, and constituted an abuse of discretion. Appellant Brief, at 32.
 
 
 32
 In Serrano v. Priest, 569 P.2d 1303 (Cal.1977) (Serrano III), the California Supreme Court approved the use of a fee multiplier following consideration by the trial court of a number of factors, including (1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; and (3) the contingent nature of the fee award, both from the point of view of eventual victory and the point of view of establishing eligibility for an award. Id. at 1317.
 
 
 33
 As the district court found, Mr. Pooshs, by prevailing in this case, has vindicated the important public policy against "individious workplace discrimination." The use of a fee multiplier serves to encourage lawsuits effectuating some strong public policy by awarding substantial attorney's fees to individuals who successfully bring such suits and thereby benefit a broad class of citizens. Serrano III, 569 P.2d at 1312.
 
 
 34
 Fluoroware, however, argues that the district court's use of a fee multiplier constituted an abuse of discretion because plaintiff Pooshs was not acting as a private attorney general within the meaning of Serrano III or Cal.Civ.Proc.Code § 1021.5. The Serrano III fee-multiplier factors apply whether a litigant seeks an award of attorney fees under the "private attorney general" theory or under some other statute. See Downey Cares v. Downey Community Dev. Comm'n. 242 Cal.Rptr. 272, 278 (Cal.Ct.App.1987) (utilizing fee multiplier in award of attorney fees under Cal.Gov't Code § 91003). Pooshs was entitled to an award of reasonable attorney fees under Cal.Gov't Code § 12965(b). The question whether Pooshs acted as a private attorney general is therefore irrelevant.
 
 
 35
 The district court found (1) that the case was particularly difficult and complex, (2) that plaintiff's counsel were precluded during the case from accepting other more lucrative and easier employment and (3) that the highly contingent nature of the case made it difficult for the plaintiff to entice competent counsel to accept his case. Such findings fulfilled the district court's obligation to evaluate counsel's fee application in light of the various Serrano III factors. It was therefore no abuse of discretion to utilize a multiplier of two in awarding fees.
 
 
 36
 AFFIRMED.
 
 
 
 *
 Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At the hearing on jury instructions, the district court ruled from the bench:
 The only way that I will give this instruction is as follows; and, that is, you know--you know, it's up--first of all, it is an issue of fact as to whether or not there was a reorganization or reduction in force such as to invoke this [instruction]. Number one. And, number two, that if however the company has a policy then certainly that is an issue. With respect to relocation ... then you must return--then it must apply that policy fairly to--to all employees; and it invokes essentially the age discrimination provisions, and it invokes the implied covenant of good faith and fair dealing. Now I don't know if you want all that in there, but that's the only way I would give it.
 E.R. 55, at 1084-85.
 
 
 [2]
 The complete instructions given the jury are reproduced at S.E.R. 22-38
 
 
 [3]
 Defendant/Appellant has not assigned as error the admission in evidence of these seven "relocations," so the court has no occasion to address the propriety of that ruling
 
 
 [4]
 The jury answered special verdict forms, which asked both "Did defendant have a legitimate, nondiscriminatory reason for discharging plaintiff?" as well as "Did defendant have a legitimate, nondiscriminatory reason for not hiring plaintiff for the position in Minnesota?" E.R. 60, at 2. The "no-duty-to-relocate" instruction in the form proposed by Fluoroware, without the modification which made clear that any relocation policy must be applied fairly, would have been confusing and misleading. It would have given the jury the impression that Fluoroware was not obliged to consider Pooshs' request to continue his responsibilities in Minnesota. It would further have created a conflict with the special verdict question regarding Fluoroware's decision not to rehire Pooshs
 
 
 [5]
 That section provides, in relevant part, "In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorney fees and costs except where such action is filed by a public agency or a public official, acting in an official capacity." Cal.Gov't Code § 12965(b) (West 1992 & Supp.1994)