Irving PEELE, Plaintiff—Appellant,

v.

COLINAS DE CAPISTRANO HOME-OWNERS ASSOCIATION; et al., Defendants—Appellees.

No. 01–55195.

D.C. No. CV–99–00696–AHS.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Sept. 24, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Irving Peele appeals the award of attorneys' fees to defendants in his civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo any element of legal analysis which supports the district court's decision regarding attorneys' fees, *Corder v. Gates*, 104 F.3d 247, 249 (9th Cir.1996) (per curiam), and we reverse.

The district court based its award of attorneys' fees on the contract between Peele and the defendants. The contract provides for attorneys' fees for the prevailing party in an action to enforce terms of the contract. However, Peele's action is not properly construed as an action on the contract but instead one primarily seeking redress for alleged civil rights violations and torts. Accordingly, the district court erred by awarding attorneys' fees. *See Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir.1985) (citing *Stout v. Turney*, 22 Cal.3d 718, 150 Cal.Rptr. 637, 586 P.2d 1228 (1978), for the proposition that a tort action arising out of a contract is not an action on a contract for purposes of attorneys' fee award). We also note that appellees make no legal argument in their brief regarding the validity of the district court's decision to award attorneys'

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

---

fees, and argue only about the reasonableness of the amount.

REVERSED.