NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY L. JOHNSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MGM HOLDINGS, INC,<br><br>Defendant,<br><br>and<br><br>METRO-GOLDWYN-MAYER STUDIOS, INC.; TWENTIETH CENTURY FOX HOME ENTERTAINMENT, LLC,<br><br>Defendants-Appellees. | No.    18-35967<br><br>D.C. No. 2:17-cv-00541-RSM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted October 21, 2019**
Seattle, Washington

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA and BENNETT, Circuit Judges, and DORSEY,[***] District Judge.

Class representative Mary Johnson ("Plaintiff" or "Ms. Johnson") appeals from the district court's grant in part, and denial in part, of her Motion for Attorneys' Fees and Expenses and Named Plaintiff Enhancement Award ("Motion") following the settlement of a class action against Metro-Goldwin-Mayer Studios, Inc. and Twentieth Century Fox Home Entertainment, LLC (collectively, "Defendants"). Plaintiff's unopposed motion requested $350,000 in attorneys' fees and costs and a $5,000 incentive award.[1]

The Motion was not initially supported by any timekeeper records. After directing class counsel to submit full billing records, the district court conducted its own lodestar analysis and a percentage-of-recovery cross-check, ultimately awarding $184,665 in attorneys' fees. The district court also awarded $1,500 of the $5,000 requested incentive award to reflect the effort expended by Ms. Johnson as class representative. Plaintiff challenges the attorneys' fees award and incentive award on multiple grounds.[2] This disposition addresses four of those five grounds: (1) the district court started with the incorrect base number of hours; (2) the district

---

[***] The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.
[1] Defendants agreed not to oppose any request for awards up to these amounts.
[2] In a concurrently filed opinion, we reject Plaintiff's remaining argument for reversal.

2

court did not consider all relevant factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) ("*Kerr* factors") in refusing to apply a lodestar multiplier; (3) the district court's valuation of the class settlement was in error; and (4) the district court abused its discretion in decreasing the amount of Ms. Johnson's incentive award.

We review attorneys' fee and incentive awards for an abuse of discretion. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011) (attorneys' fees); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (incentive awards). We "affirm unless the district court applied the wrong legal standard or its findings were illogical, implausible or without support in the record." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1201–02 (9th Cir. 2013) (citation omitted).

First, the district court acted appropriately in basing its lodestar analysis on the number of hours requested by Plaintiff in her Motion. Plaintiff never made any attempt to amend her request to increase the number of hours requested. The billing records were submitted at the court's request as the initial motion provided little or no evidence to substantiate the fee request. *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985) (holding that the burden of proof is on the party seeking the attorneys' fee award).

Second, the district court did not abuse its discretion in refusing to apply a

3

multiplier to its lodestar calculation after considering all relevant *Kerr* factors. Adjustments to the presumptively reasonable lodestar calculation are the exception rather than the rule. *Stanger v. China Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016). And the *Kerr* factors warrant a departure only in "rare and exceptional cases." *In re Bluetooth*, 654 F.3d at 942 n.7 (citation omitted). Here, the district court provided clear and concise explanations for its consideration and dismissal of all the *Kerr* factors raised by Plaintiff in support of a multiplier.

Third, the district court did not abuse its discretion in valuing the class action settlement by multiplying its valuation of the total benefit to all possible individual class members by a ten percent participation rate. It was not an abuse of discretion to rely upon an assumption of a ten percent participation rate (especially where, as here, the actual participation rate was less than one percent). *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 571 n.13 (9th Cir. 2019) (en banc) (stating that participation rates are a "mathematical predicate" to valuing a settlement). The district court also acted appropriately when it rejected Plaintiff's unsubstantiated valuation of the benefit to individual class members and arrived at a lower individual class member benefit by considering the likely cost to Defendants to provide the benefit. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (approving a valuation as the amount defendant charged against its own earnings to account for the settlement). The district court arrived at

4

a reasonable valuation based on the record before it.

Finally, the district court did not abuse its discretion in awarding only $1,500 of the $5,000 incentive award requested by Plaintiff. The district court made its award in consideration of the contributions made by Ms. Johnson to the class action. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (remanding to district court to consider incentive awards individually, and in doing so, to consider the effort expended and benefit conferred to the class by each class representative). The district court lowered the incentive award observing that Ms. Johnson's alleged contributions were not substantiated by the record and, in fact, were partially contradicted by class counsel's own billing records.

The district court's attorneys' fee award and incentive award were supported by the record and not illogical or implausible.

**AFFIRMED**