[No. G001162. Fourth Dist., Div. Three. Apr. 30, 1985.]

EUGENE C. HADLEY et al., Plaintiffs and Respondents, v.
LOU KREPEL, Defendant and Appellant.

COUNSEL

Jeffrey M. Howard and Ronald L. Young for Defendant and Appellant.

George M. Burke for Plaintiffs and Respondents.

## Opinion

**WALLIN, J.**—Defendant prevailed in an action on a contract and was awarded attorney's fees and costs totalling less than 20 percent of his actual expenses. On appeal he claims the award was unreasonable and an abuse of the trial court's discretion. For reasons which follow, we agree and reverse the judgment.

### I.

In February 1980, Hadley Realty and Investments, Inc. initiated a lawsuit against Lou Krepel, seeking damages of $25,000 for an unpaid broker's commission pursuant to a real estate purchase contract and receipt for deposit.[1] The complaint alleged four causes of action: breach of contract, fraudulent misrepresentation, negligent misrepresentation, and quantum meruit. It was amended a few months later to substitute Eugene C. Hadley dba Hadley Realty and Investments in lieu of Hadley Realty and Investments, Inc., and again in June 1982 to add Robert Forslund and Jean Forslund as plaintiffs.

The contract contained the following provision: "In any action between Broker and Seller arising out of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs."

From June 1980 through March 1982, defendant was represented by J. William Druary of the law firm of Sheldon and Druary. After Druary's motion to be relieved as counsel was granted, defendant retained the services of Lance R. Cote of the firm of Baldikoski, Frost, Dragonette & Charles. A year later Cote apparently found it necessary to follow in Druary's footsteps and, less than two months before the scheduled trial date, defendant's present attorney, Jeffrey M. Howard, was substituted in his place.[2] Plaintiffs were at all times represented by George M. Burke.

Trial proceeded as scheduled on July 27, 1983, and lasted less than a day. At the conclusion of plaintiffs' case-in-chief, the court granted defendant's

---

[1] Signatories to the agreement were Hadley Realty and Investments by Jean E. Forslund and R. B. Forslund, as real estate broker, and Ching Chung Yu, as buyer. According to a portion entitled "Acceptance," Krepel, as seller, agreed to the terms of the sale and to pay $31,000 to Hadley, as follows: "(a) On recordation of the deed or other evidence of title, or (b) if completion of sale is prevented by default of Seller, upon Seller's default or (c) if completion of sale is prevented by default of Buyer, only if and when Seller collects damages from Buyer, by suit or otherwise . . . ."

[2] Defendant informs us he and Druary had "philosophical differences." He apparently disagreed with both Druary's opinion there was only a 50-50 chance of success and his recommendation the case be settled for $12,500. No explanation, however, is given for Cote's withdrawal from the case.

motion for judgment on the pleadings (Code Civ. Proc., § 631.8) as to the second, third and fourth causes of action and took under submission its ruling as to the first cause of action. The next day the court ruled in defendant's favor on the remaining cause of action[3] and indicated it would award reasonable attorney's fees. Counsel for defendant was directed to submit a cost bill.

Defendant submitted a memorandum of costs and disbursements claiming fees of $15,647 and costs of $1,284. Attached to the memorandum were declarations and itemized statements of Messrs. Druary, Cote and Howard. Druary's declaration reflected a total billing of $1,212 (16.16 hours at $75 per hour). The declaration submitted on behalf of Cote stated he and his associates had spent approximately 60 hours on the case. At an average hourly rate of $80, his billing amounted to $4,720. And Howard's declaration indicated he and his associate had expended a total of 80.8 hours at an hourly rate of $125 and $85, respectively, for a total of $9,715.

Plaintiffs then filed a notice of motion to tax costs and to determine the reasonableness of attorney's fees, challenging $9,156 of the fees and virtually all of the costs. The gist of their attack was set forth in Burke's supporting declaration: "[D]efendant is attempting to collect attorney's fees for time spent by his attorneys in obtaining relief from further representation because of his refusal to communicate with them and his failure to [pay] his attorney's fees and costs. [¶] In addition, much of the time spent by his attorneys was for the purpose of reviewing files when they became the new attorney on the case, and doing duplicate work because of the three changes of law firms during this time. [¶] Each law firm researched the same law and spent the same time reviewing both the law and the work done by his predecessor."

The motion was heard September 13, 1983. Prior to the hearing both Howard and Burke filed supplemental declarations. The court took the matter under submission and on December 8, 1983 "fixe[d] a reasonable fee to be awarded defendant on account of all the services provided to him by his attorneys herein in the sum of $3,000.00." The court also granted plaintiffs' motion to tax costs in all particulars, and directed plaintiffs' counsel to prepare a recomputation of costs allowed. An order dated December 21, 1983, awarded defendant $3,000 for attorney's fees and $49 for costs.

---

[3]The court's statement of decision indicates it found defendant did *not* prevent the escrow from closing, did *not* make any false representations to plaintiffs, and did *not* receive any benefit from plaintiffs' services.

## II.

It is undisputed defendant, as the prevailing party, was entitled to an award of attorney's fees and costs pursuant to Civil Code section 1717.[4] Thus, the sole issue before us is whether the trial court abused its discretion in fixing the *amount* of the award.

■ "An award of attorney fees is a matter within the sound discretion of the trial court and absent a manifest abuse of discretion the determination of the trial court will not be disturbed. [Citation.]" (*Erich* v. *Granoff* (1980) 109 Cal.App.3d 920, 931 [167 Cal.Rptr. 538].) In determining what constitutes a reasonable compensation for an attorney who has rendered services in connection with a legal proceeding, the court may and *should* consider "the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded . . .; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed." (*Berry* v. *Chaplin* (1946) 74 Cal.App.2d 669, 678-679 [169 P.2d 453]; see also *Community Redevelopment Agency* v. *Krause* (1984) 162 Cal.App.3d 860, 867 [209 Cal.Rptr. 1]; *Shannon* v. *Northern Counties Title Ins. Co.* (1969) 270 Cal.App.2d 686, 689 [76 Cal.Rptr. 7].) ■ "Discretion is abused in the legal sense 'whenever it may be fairly said that in its exercise the court in a given case exceeded the bounds of reason or contravened the uncontradicted evidence.' [Citations.]" (*People* v. *Mobile Magic Sales, Inc.* (1979) 96 Cal.App.3d 1, 8 [157 Cal.Rptr. 749].)

■ The thrust of defendant's appeal is his contention the court ignored *uncontradicted* evidence contained in the cost bill that his actual fees and costs were both reasonable and necessary. ■ He correctly asserts the items on a verified cost bill are prima facie evidence the costs, expenses and services listed were necessarily incurred, and when they are properly challenged the burden of proof shifts to the party claiming them as costs. (*Melnyk* v. *Robledo* (1976) 64 Cal.App.3d 618, 624 [134 Cal.Rptr. 602].) However, our review is not limited to a determination of the sufficiency of

---

[4]Civil Code section 1717, subdivision (a) provides, in pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements. . . . [¶] Reasonable attorney's fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit . . . ."

plaintiffs' motion to rebut the presumption.[5] A trial judge "is entitled to take all of the circumstances [of the case] into account and is not bound by the itemization claimed in the attorney's affidavit." (*Id.*, at p. 625.) ■ Thus, in accordance with the principle an appellate court may exercise its independent judgment in determining whether there was an abuse of discretion (see *In re Marriage of Mulhern* (1973) 29 Cal.App.3d 988, 994 [106 Cal.Rptr. 78]), we also apply the factors enumerated above to determine if there was *any* basis for the court's award.

### III.

■ Plaintiffs' motion claimed certain of Cote's and Howard's fees were unreasonable because they were incurred as a result of becoming new counsel and acquainting subsequent counsel with the case. In challenging the reasonableness of defendant's attorney's fees on this basis, plaintiffs were armed with an accurate premise—a losing party in a lawsuit should not be responsible for expenses unnecessarily incurred by reason of his adversary's need or desire to hire a new attorney. Thus, to the extent the motion challenged services which legitimately may have been duplicative, we think plaintiffs' objections may have been appropriate.

While we are unable to determine from the record precisely what portion of defendant's total fees was attributable to work of a repetitive nature, it appears Druary's and Cote's motions to be relieved as counsel and their successors' preliminary work upon entry into the case, accounted for no more than 25 hours of the total.[6] Thus, plaintiffs' challenge on this basis

---

[5]Although it is not essential a written motion to tax set forth the *entire* basis for the challenge, i.e., additional oral or written evidence may be submitted when the motion is heard (*Melnyk* v. *Robledo, supra,* 64 Cal.App.3d at p. 624), here there is nothing in the record which indicates plaintiffs produced additional evidence at the hearing. The December 21st order, prepared by Burke, states plaintiffs' motion "came on regularly for hearing on September 13, 1983" and the court made its order "[u]pon reading the papers filed by the parties, *and hearing the argument of counsel . . . .*" (Italics added.) Unfortunately, we are unable to verify what transpired because defendant failed to request inclusion of a reporter's transcript in the record on appeal. However, at oral argument Howard advised us that virtually no argument was presented at that hearing. We therefore presume the court based its ruling solely on the moving and opposing papers.

[6]Howard's total time consisted of the following: telephone calls (4 hours); conferences (2 hours); review of file and prior deposition transcripts (7.7 hours); drafting of court documents (2.5 hours); preparation for and attendance at deposition (3 hours); attendance at mandatory settlement conference (3.3 hours); preparation of and attendance at court re ex parte application to continue trial (4.3 hours); research (14.9 hours); preparation of trial brief (10.6 hours); preparation for trial (3.3 hours); trailing in department 1 (14.5 hours); attendance at trial (5.5 hours); and posttrial matters (4.8 hours).

It is difficult from Cote's declaration to segregate the amount of time spent on individual matters; however, it appears he spent 6.75 hours reviewing the file and prior deposition transcripts, 11.5 hours preparing for and attending depositions, and 6 hours on matters pertaining to the trial continuances. Another four hours were devoted to his withdrawal from the case and subsequent communications with his successor.

alone did not justify an award equal to only one-fifth of defendant's actual fees.

The scope of plaintiffs' attack, however, also encompassed "other items that appear to be unnecessary or unreasonable." Nonetheless, we still find no justification for the court's limited award. Instead of explaining the basis for their generalized objections, plaintiffs merely set forth a string of dates and fees corresponding to those contained in defendant's cost bill.[7] For example, they protested several items relating to services performed in connection with defendant's three motions to continue the trial—two during Cote's representation and one during Howard's. While Burke's supplemental declaration offered an explanation as to why *one* of the motions was unnecessary,[8] the record does not support plaintiffs' position as to the *remaining two*. In fact, it is undisputed one of them was necessitated by defendant's inability to appear at trial due to serious injuries sustained in an automobile accident. Further, there is no basis for plaintiffs' objection to the time Howard was *required* to spend in the courthouse awaiting assignment to a courtroom for trial.

Thus, plaintiffs' conclusory and unsubstantiated objections were simply inadequate to rebut the presumption defendant's fees were reasonably and necessarily incurred. Moreover, as defendant points out, even if *all* of plaintiffs' claims were valid, the challenge accounted for only $9,156 of the $15,647 in fees.

As for costs, plaintiffs objected to defendant's claim of $604 in reporter's fees (on the ground two depositions taken of Robert Forslund were duplicative); $216 to subpoena documents and witnesses at trial (claiming the documents were not used and the witnesses were not called to testify); $32 for service of a subpoena on plaintiff Jean Forslund (because a notice would have been sufficient); various costs of mailing, courier service and photocopying totalling $260; and filing fees of $149. In fact, the only cost *unchallenged* was the $49 fee for filing the complaint.

Frankly, we are perplexed as to why the court determined defendant was entitled to only $49 in costs. There is no merit to plaintiffs' contention they cannot be held responsible for either defendant's witness fees or his costs

---

[7]Including the services challenged as duplicative, plaintiffs disputed $2,442 of Cote's fees and $6,684 of Howard's. They also objected to $30 of Druary's fees and $53 of his costs, both attributable to his motion to withdraw. Defendant concedes the $30 charge may have been unwarranted; however, of the $53 he claims only the $14 filing fee for the motion was appropriately challenged.

[8]Burke claimed he had *agreed* to the continuance; however, Howard countered by asserting defendant's motion was necessary because the terms upon which Burke agreed to the continuance were *unacceptable* to defendant.

to subpoena documents; a party's entitlement to such costs is not dependent upon use of the subpoenaed documents or extraction of the witnesses' testimony at trial. As for defendant's expenses in deposing Robert Forslund, while there *is* a conflict as to the need for a second deposition,[9] defendant is entitled to at least the cost of the first one. And, because the combined cost of both depositions accounted for only $246 of defendant's total deposition costs of $604, defendant is also entitled to the $358 representing the unchallenged portion.

The record also indicates service of a subpoena upon Jean Forslund was necessary because the complaint was not amended to add her as a party until *after* she was served. Further, to the extent plaintiffs' claim was valid as to the filing fees for the motions to be relieved as counsel, that objection only accounted for $28 in costs; thus, there was no basis for eliminating the remaining fees. Lastly, Howard's opposing declaration correctly asserted there is no statutory provision disallowing recovery of costs for photocopying.

It should be noted our review of the record would have been simplified had plaintiffs fulfilled their duty, as respondents, to point out the evidence they deem *is* sufficient to support the judgment. (See *Wantz* v. *Union Bank & Trust Co.* (1934) 137 Cal.App.98, 102-103 [29 P.2d 882].) ■ Instead, they depend upon the principle governing our review which requires us to "consider the evidence in the light *most favorable to the prevailing party,* giving him the benefit of *every reasonable inference,* and *resolving conflicts* in support of the judgment." (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 245, p. 4236; italics in original.) They are apparently unaware, however, this presumption does not apply "where the record purports to state everything that was actually done, and this is insufficient to support the judgment . . . ." (*Id.,* at § 235, p. 4226.)

Moreover, relying on *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124 [158 Cal.Rptr. 1, 599 P.2d 83], and without any reference to the record, plaintiffs contend the fee award was reasonable because it properly allocated fees applicable to the contract action only. Their argument is specious. ■ In *Reynolds,* our Supreme Court said: "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action. [Citations]." (*Id.,* at p. 129.) However, plaintiffs overlook the fact

---

[9]Howard claimed the first one was taken before Forslund was added as a plaintiff; consequently, when it appeared a number of factual issues had not been explored in the first deposition, a second one was deemed necessary. In his supplemental declaration Burke stated he was present at both depositions and saw no appreciable difference in the areas covered.

"[a]ttorney's fees need not be apportioned when incurred for representation on *an issue common to both a cause of action in which fees are proper and one in which they are not allowed.* All expenses incurred with respect to [an issue common to more than one cause of action] qualify for award." (*Id.,* at pp. 129-130; italics added.) Not only is the record before us devoid of *any* indication the trial court based its ruling on this factor, but also, it appears all causes of action were related by a single common issue, i.e., whether defendant was obligated by the contract to pay a brokerage commission.

## IV.

We proceed to the next phase of our review to determine if the fee award can be sustained on the basis of the trial court's own assessment of its reasonableness. ▮ "The value of legal services performed in a case is a matter in which the trial court has its own expertise. [Citation.]" (*Melnyk v. Robledo, supra,* 64 Cal.App.3d 618, 623.) In making our determination we are mindful of the fact "[v]erdicts and judgments for the reasonable value of attorneys' services are usually upheld. The only basis for reversal would be that the amount was so large (or so small) as to 'shock the conscience' and suggest that passion and prejudice influenced the determination. But the various factors to be considered . . . give such discretion to the trial court . . . that the attempt to show an abuse thereof on appeal is seldom successful. [Citations.]" (1 Witkin, Cal. Procedure (2d ed. 1971) Attorneys, § 98, p. 107.)

▮ While the litigation apparently was not complex, a certain amount of skill was essential to reach the result obtained. Howard was retained just two months before trial; thus, it was necessary for him to give considerable attention to the case in order to be adequately prepared. Of the 80 hours he and his associate expended on the matter, almost 35 hours were devoted to trial preparation, drafting the trial brief, trailing and attendance at trial. This time *alone* accounted for more than $4,000 in fees. Although defendant changed attorneys midstream due to no fault of plaintiffs, it is reasonable to infer another attorney would have spent at least this much time in performing the same services. And we presume defendant would have incurred *additional* fees had it been necessary for him to see the trial to completion.

It is apparent the trial court failed to consider these essential factors. The award bears no rational relationship to the actual fees incurred and, while there is nothing in the record to implicate the use of passion or prejudice, we suspect *something* was amiss. The only explanation we can divine for the meager award is the trial judge's unrealistic view of what constitutes a reasonable value for legal services. An award of attorney's fees and costs

must be measured by the economics of the times. Currently, lawyers' minimum hourly rates far exceed their predecessors'. In days past the sum of $3,000 may have been sufficient to defend a lawsuit of this nature; today it is not.

On remand, the trial court shall conduct a new hearing to fix the reasonable amount of attorney's fees and costs to which defendant is entitled. In making its determination, the court, of course, need not ignore the fact defendant was represented during the litigation by three different lawyers. Thus, any time expended by Messrs. Cote and Howard in reviewing files or in duplicating services already performed by their predecessors, should be excluded. However, because plaintiffs objected to only $9,156 of the fees claimed, defendant should receive, at a minimum, the difference between the amount challenged and the amount incurred.

Finally, defendant is entitled to an allowance for legal services rendered on appeal. (*Leaf* v. *Phil Rauch, Inc.* (1975) 47 Cal.App.3d 371, 379 [120 Cal.Rptr. 749].) Although an appellate court may make this determination, we believe the trial court on remand will be in a better position to do so.

The judgment and order are reversed. The matter is remanded to the trial court for a new hearing to determine, in accordance with the views expressed herein, the reasonable value of defendant's pretrial *and* posttrial attorney fees and costs, including those pertaining to this appeal.

Sonenshine, Acting P. J., and Crosby, J., concurred.