954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patrick T. KELLY and Elizabeth Kelly, Defendants-Appellants,
v.
SECURITY PACIFIC NATIONAL BANK, Plaintiff-Appellee.
 No. 91-55268.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1992.*
Decided Feb. 12, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick and Elizabeth Kelly appeal from the summary judgment entered in favor of Security Pacific National Bank. The district court, adopting the recommendations of the bankruptcy court, held the Kellys personally liable on their guaranty of a defaulted loan to Defense Technology, Inc. (DTI). We affirm.
 
 
 3
 * On June 20, 1988, the Kellys executed a guaranty on a revolving credit loan on behalf of DTI, a defense contracting company in which the Kellys were shareholders and of which Mr. Kelly was president. The guaranty stated that the Kellys would assume the payment of DTI's loan up to the principal amount of $5,000,000, plus interest, costs of collection, attorneys' fees, and expenses.
 
 
 4
 DTI eventually defaulted on the revolving promissory note, prompting Security Pacific, the noteholder, to file a complaint in California Superior Court against the Kellys for the recovery of DTI's outstanding obligations. In March of 1990, the Kellys, based on diversity of the parties, removed the action to the Central District of California pursuant to 28 U.S.C. § 1441(b). Two months later, the Kellys filed a complaint in Idaho state court against Security Pacific, alleging fraud, tortious bad faith and interference with contractual relationship, breaches of express and implied contracts, direct and indirect violations of fiduciary duty, abuse of process, and defamation.
 
 
 5
 In the midst of this legal wrangling, DTI went into Chapter 11 bankruptcy in the same district to which the Security Pacific action had been removed. The district court, after receiving Security Pacific's motion for summary judgment, referred the guaranty suit to the bankruptcy court.
 
 
 6
 On December 14, 1990, the bankruptcy court issued its Report and Recommendation, and filed written Findings of Fact and Conclusions of Law. Two weeks after that the Kellys filed in the district court a request for an extension of time to object to the report's findings, a request which they admit should have been filed in the bankruptcy court. Notwithstanding their failure to obtain an extension of time, the Kellys filed their objections in the district court on January 17, 1991. On the same day the district court entered judgment, adopting the bankruptcy court's Report and Recommendation.
 
 II
 
 7
 The Kellys argue that under Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 84 (1982) (plurality opinion) the bankruptcy court had no jurisdiction to adjudicate a right created by state law that is independent of and antecedent to the reorganization petition. Under 28 U.S.C. §§ 157(a) & (c)(1), however, district courts are authorized to refer non-core proceedings, even those arising under state law, to bankruptcy courts if the proceedings are "related to a case under title 11;" the statute authorizes such referrals within the constraints imposed by Northern Pipeline by requiring bankruptcy judges to submit proposed findings and conclusions which are then reviewable by the district court, an Article III entity. See Duck v. Munn (In re Mankin), 823 F.2d 1296, 1298, 1305-06 (9th Cir.1987) (describing referral procedure authorized by 28 U.S.C. § 157), cert. denied, 485 U.S. 1006 (1988).
 
 
 8
 The Kellys argue that the bankruptcy court was required to abstain in deference to the Idaho proceedings. We decline to consider this issue, however, as the Kellys failed to notice for hearing any motion for abstention. They also failed to make any timely and specific objection regarding abstention to the district court. See 28 U.S.C. § 157(c)(1) ("[A]ny final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."). The Kellys thus failed to raise the issue properly before the bankruptcy or district court. "Our general rule is that we will not consider issues raised for the first time on appeal," United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990), and none of the Carlson exceptions to this rule, see id., apply in this case.
 
 III
 
 9
 The Kellys argue that the Idaho complaint and Mr. Kelly's "affidavit" raise triable issues precluding summary judgment. Kelly's affidavit merely states that the allegations in the complaint are true and correct "to the best of my knowledge and belief." Although verified complaints may be used as supporting and opposing affidavits under Rule 56, McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir.1987), they must meet the Rule 56(e) requirements of personal knowledge, admissibility, and competence. Lew v. Kona Hospital, 754 F.2d 1420, 1423 (9th Cir.1985) ("A verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence and to which the affiant is competent to testify."). The district court did not abuse its discretion in finding that the affidavit and complaint were inadmissible because there was no demonstration of Kelly's personal knowledge or competence, and no explanation of the sources from which his beliefs were derived.[1] See Cermetek, Inc. v. Butler Avpak, Inc., 573 F.2d 1370, 1377 (9th Cir.1978) ("Those facts alleged on 'understanding' like those based on 'belief' or on 'information and belief,' are not sufficient to create a genuine issue of fact.") (citing Automatic Radio Mfg. Co. v. Hazeltine Research, Inc., 339 U.S. 827, 831 (1950) (affidavit based on information and belief does not satisfy Rule 56(e)), overruled on other grounds, Lear, Inc. v. Adkins, 395 U.S. 653 (1969)).
 
 
 10
 Given this disposition, we need not reach the issue of whether the guaranty waived the payment defenses.
 
 IV
 
 11
 The Kellys challenge the award of attorneys' fees pursuant to the guaranty agreement. This award is governed by California law, Fobian v. Western Farm Credit Bank (In re Fobian), No. 90-16313, slip op. 17007, 17016 (9th Cir. Dec. 24, 1991), which "approves of the enforcement of attorneys fee provisions." United States for Use of Palmer Const. v. Cal State Elec., Inc., 940 F.2d 1260, 1264 (9th Cir.1991) (citing Cal.Civ.Code § 1717).
 
 
 12
 "An award of attorney fees is a matter within the sound discretion of the trial court and absent a manifest abuse of discretion the determination of the trial court will not be disturbed." Erich v. Granoff, 109 Cal.App.3d 920, 931, 167 Cal.Rptr. 538, 544 (1980). "Discretion is abused in the legal sense 'whenever it may be fairly said that in its exercise the court ... exceeded the bounds of reason or contravened the uncontradicted evidence.' " People v. Mobile Magic Sales, Inc., 96 Cal.App.3d 1, 8, 157 Cal.Rptr. 749, 753 (1979) (quoting In re Estate of Parker, 186 Cal. 668, 670, 200 P. 619, 620 (1921)); see also Hadley v. Krepel, 167 Cal.App.3d 677, 682, 214 Cal.Rptr. 461, 463-64 (1985). The district court did neither.
 
 
 13
 We affirm the district court's award of attorneys' fees. We also award Security Pacific its attorneys' fees on appeal.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Kellys' argument that Security Pacific waived any defects in the affidavit by failing to object to them formally is without merit. The bankruptcy and district courts had the discretion sua sponte to rule the affidavit in non-compliance with Rule 56(e)