Filed 2/4/14  Vue v. Hmong International New Year Foundation CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GEORGE VUE et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> HMONG INTERNATIONAL NEW YEAR FOUNDATION, INC., et al., <br><br> Defendants and Respondents. | F066204 <br><br> (Super. Ct. No. 11CECG04276) <br><br> **OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Fike, Boranian & Watson and David A. Fike for Plaintiffs and Appellants.

Dowling Aaron Incorporated, Daniel O. Jamison and Matthew R. Dildine for Defendants and Respondents.

-ooOoo-

**INTRODUCTION**

George Vue, Ly Pao Yang and United Hmong Council, Inc., appeal, contending the trial court erroneously awarded Hmong International New Year Foundation, Inc., Charlie Vang, Joseph Youa Vang, Zang Her, and Liahoua Vang attorney fees of $88,742.47.  Specifically, plaintiffs maintain that because defendants were not signatories

to the original agreement that contained an attorney fee provision, such fees cannot be awarded to defendants pursuant to Civil Code section 1717. They contend the trial court failed to articulate a basis or theory upon which plaintiffs would have been able to recover fees from defendants had plaintiffs prevailed. Further, plaintiffs assert defendants did not step into the shoes of any party to the agreement, nor were defendants third party beneficiaries to that agreement. Finally, plaintiffs contend the fees awarded were excessive. We disagree with plaintiffs and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to the agreement that is the subject of this appeal, two separate Hmong New Year celebrations would occur in Fresno. Community leaders then came together in an effort to unify the Hmong people's proud celebrations.

### *The November 1998 Agreement*

On November 17, 1998, representatives of three separate nonprofit groups executed the "Agreement Re Hmong New Year Celebration." The parties included Hmong National New Year, Inc., and Hmong National Council, Inc. (collectively, the Fairgrounds Group), and United Hmong International, Inc. (the Sunnyside Group). The agreement provided for a consolidated 1999 New Year celebration to be held at the Fresno County Fairgrounds, to be sponsored and conducted by the Sunnyside Group.

Among other things, the agreement included a noncompete provision whereby the Fairgrounds Group agreed not to sponsor, conduct, or participate in another Hmong New Year celebration of any type in the Central Valley for a period of 10 years. It also provided, "in the event that the Sunnyside Group does not hold the Hmong New Year Celebration in Fresno County, California, the Sunnyside Group may not assign the right to conduct the Celebration to any group, organization or individual, but rather the right to conduct such Celebration shall automatically vest with the Fairgrounds Group." A separate provision provided, "No party shall assign its interest hereunder without the prior written consent of the other party."

The agreement was signed by Ly Pao Yang and Yang Mee Hang as president and secretary, respectively, of Hmong National New Year, Inc., George Vue as president of Hmong National Council, Inc., and Youa True Vang and Zang Her as chairman and secretary, respectively, of the United Hmong International, Inc. Additionally, Ly Tou, George Vue, Paul Ly, and Ly Pao Yang, as individuals, agreed to be bound by the noncompete provision. Finally, the agreement was witnessed by David BearHeart for the City of Fresno, Gerald Dyer on behalf of the City of Fresno Police Department, and Scott Anderson for the Fresno County Fairgrounds.

### The Resolution of April 1999

On April 4, 1999, Vang Thao, president of United Hmong International, Inc., and Youa True Vang, president of Hmong International New Year Committee, executed a document entitled "Resolution of Agreement Between United Hmong International, Inc. and Hmong International New Year Foundation, Inc." The resolution stated a meeting was held to "discuss and clarify the structure" of the two named organizations, and noted as "RESOLVED" a number of issues, including that the "name of Hmong International New Year Foundation, Inc. shall be changed to 'Hmong International New Year, Inc.,'" that the "Hmong International New Year Committee shall collaborate and cooperate with United Hmong International, Inc.," and that the "Hmong International New Year Committee shall perform its daily business without the interference of United Hmong International, Inc. or any other organizations." The resolution was witnessed by Nhia Long Vang and Wa Her Vang, president and advisor, respectively, of the Vang Family.

### The Original Complaint

On December 15, 2011, George Vue, Ly Pao Yang, Cheng Lee, Hmong National Council, Inc., and Hmong National New Year, Inc., filed a complaint asserting causes of action for breach of contract, declaratory relief, breach of fiduciary duty, and accounting. Named defendants included United Hmong International, Inc., Hmong International New Year Foundation, Inc., Vang Thao, and Youa True Vang.

### The First Amended Complaint

On January 30, 2012, George Vue, Ly Pao Yang, Cheng Lee and United Hmong Council, Inc., filed a first amended complaint.[1]  Defendants were identified as Hmong International New Year Foundation, Inc., Charlie Vang, Joseph Youa Vang,[2] Zang Her, and Liahoua Vang.  This amended complaint asserted three causes of action:  declaratory relief, breach of fiduciary duty, and accounting.

### The Demurrer and Motion to Strike

On March 6, 2012, defendants demurred to the first amended complaint.  On that same date, defendants also filed a motion for an order striking plaintiffs' causes of action pursuant to Code of Civil Procedure section 425.16, the anti-SLAPP statute.

Plaintiffs filed their opposition to both the demurrer and the motion to strike on March 16, 2012.

### The Trial Court's Rulings on the Aforementioned

Both matters were heard and argued April 18, 2012.  The trial court's tentative ruling became the order of the court.  As to the demurrer, and the first cause of action for declaratory relief in particular, the court sustained with leave to amend on the bases of the statute of limitations, standing, unclean hands, and mootness.  With regard to the second cause of action for breach of fiduciary duty, the court sustained with leave to amend for uncertainty and failure to state a claim.  It overruled the demurrer with regard to the statute of limitations defense.  Lastly, regarding the third cause of action for accounting, the court sustained with leave to amend for uncertainty and failure to state a claim.  It again overruled the demurrer with regard to the statute of limitations defense.  Plaintiffs were given 10 calendar days within which to file an amended complaint.

---

[1]The Hmong National Council, Inc., and Hmong National New Year, Inc., were no longer named plaintiffs.

[2]Joseph Youa Vang and Youa True Vang is the same individual.

4.

As to the anti-SLAPP motion,[3] the trial court denied defendants' motion, finding the lawsuit did not target protected activity.

### *Subsequent Proceedings*

On April 30, 2012, United Hmong Council, Inc., filed its second amended complaint against defendants Hmong International New Year Foundation, Inc., Charlie Vang, Joseph Youa Vang, and Zang Her, alleging the following causes of action: declaratory relief, breach of fiduciary duty, and interference with prospective economic advantage.

Shortly thereafter, the parties filed a stipulation providing that judgment could be entered in favor of defendants Hmong International New Year Foundation, Inc., Charlie Vang, Joseph Youa Vang, and Zang Her, dismissing with prejudice the action of plaintiffs George Vue, Cheng Lee, and Ly Pao Yang. Further, the stipulation provided judgment could be entered in favor of defendant Liahoua Vang, dismissing with prejudice the entire action of plaintiffs United Hmong Council, Inc., George Vue, Cheng Lee, and Ly Pao Yang. Judgment was entered accordingly on May 10, 2012. A notice of entry of judgments was filed May 14, 2012.

On May 17, 2012, a memorandum of costs in the sum of $2,035 was filed against all plaintiffs in favor of defendant Liahoua Vang and against George Vue, Ly Pao Yang and Cheng Lee in favor of all other defendants.

Defendants filed a motion for attorney fees and litigation costs on May 25, 2012. On that same date, defendants filed a request for judicial notice in support of the motion. On May 30, 2012, defendants filed a supplemental declaration in support of the motion for attorney fees.

On July 27, 2012, plaintiffs filed their points and authorities in opposition to the motion for attorney fees.

---

[3]The denial of that motion is the subject of an appeal now pending before this court in case No. F065058 between these same parties.

On August 7, 2012, a reply to the opposition was filed with the court.

The trial court issued its tentative ruling on September 11, 2012. Briefly stated, the court found defendants were entitled to recover their costs and attorney fees against plaintiffs George Vue, Ly Pao Yang, and United Hmong Council, Inc. Conversely, the court found defendants were not entitled to a recovery against plaintiff Cheng Lee. Furthermore, the trial court declined to apply a multiplier, finding the case did not involve substantial complexity, a significant number of witnesses, nor extensive expert testimony. It noted the matter resolved at the early stages and did not require a trial on the merits. While the court acknowledged the language barriers faced by counsel, it found that factor did not merit application of a multiplier.

On September 12, 2012, the matter was argued and submitted. The trial court took the matter under advisement.

On September 21, 2012, the court issued its order granting an award of attorney fees and litigation expenses. More particularly, it ordered defendants Hmong International New Year Foundation, Inc., Charlie Vang, Joseph Youa Vang, Zang Her, and Liahoua Vang be awarded $88,742.47 against plaintiffs George Vue, Ly Pao Yang, jointly and severally, and defendant Liahoua Vang was awarded that sum against plaintiff United Hmong Council, Inc. The court denied defendants' request to apply a multiplier of 1.25 to the lodestar amounts and denied the motion as to plaintiff Cheng Lee.

The notice of entry of order was filed September 27, 2012. An amended notice was filed September 28, 2012.

On November 5, 2012, plaintiffs George Vue, Ly Pao Yang, and the United Hmong Council, Inc., filed a notice of appeal.

## DISCUSSION

*Standards of Review*

"On appeal, a determination of the legal basis for an attorney fees award is reviewed de novo as a question of law. (*Sessions Payroll Management*, *Inc. v. Noble Construction Co*. (2000) 84 Cal.App.4th 671, 677.)" (*Cargill*, *Inc. v. Souza* (2011) 201

6.

Cal.App.4th 962, 966.)  As to the reasonableness of an attorney fee award, we review the amount of an attorney fee award for abuse of discretion.  (*PLCM Group*, *Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)

### *The Applicable Statute & Fee Provision at Issue*

Civil Code section 1717 provides in relevant part:

"(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

"Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract.

"Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit."

Here, the 1998 agreement between Hmong National New Year, Inc., Hmong National Council, Inc., and United Hmong International, Inc.,[4] included the following fee provision:

"10.   Professionals' Fees.  Should any litigations be commenced between the parties hereto concerning this Agreement, or the rights and duties of any party in relation thereto, the party prevailing in such litigation shall be entitled, in addition to such other relief as may be granted, to recover from the losing party a reasonable sum for its attorneys', paralegal', and other professionals' fees and costs in such litigation, or any other separate action brought for that purpose."

### *The Trial Court's Ruling*

In relevant part, the trial court ruled as follows:

---

[4]Plaintiff Ly Pao Vang signed the 1998 agreement as president of Hmong National New Year, Inc.  Plaintiff George Vue signed the 1998 agreement as president of Hmong National Council, Inc.  Defendants Joseph Youa Vang (see fn. 2, *ante*) and Zang Her signed the 1998 agreement as chairman and secretary, respectively, of United Hmong International, Inc.

"In this case, the moving Defendants are the prevailing parties because after the court sustained their demurrer with leave to amend on 4/18/12, Plaintiffs did not amend their claims against the moving Defendants. On or about 5/10/12, pursuant to a stipulation of the parties, the court issued an order dismissing with prejudice the claims of Plaintiffs Vue, Yang, and Cheng against all moving Defendants. Likewise pursuant to stipulation, the court also issued a dismissal with prejudice of United Hmong Council Inc.'s claims against Defendant Liahoua Vang.

"If Plaintiffs had prevailed on their claims against Defendants, Plaintiffs would have been entitled to recover attorney's fees under the 1998 Agreement. Accordingly, regardless of whether Defendants are signatories or nonsignatories under the agreement, they are entitled to recover costs and fees."

*Our Analysis*

## I.     Defendants Were Entitled to an Award of Attorney Fees

Plaintiffs assert defendants are not entitled to recover attorney fees because they were not sued on the contract or agreement, they did not step into the shoes of a party to the agreement, and they were not third party beneficiaries to the agreement.

Plaintiffs' first amended complaint included a cause of action for declaratory relief. More particularly, plaintiffs contended defendants breached the 1998 agreement by entering into the subsequent resolution, and thus, "a judicial determination of the rights and duties of the parties relative to the ongoing right to conduct the Hmong New Year Celebration" was necessary. The first amended complaint also asserted a breach of fiduciary duty cause of action, and a cause of action for an accounting. Reasonable attorney fees were included in the complaint's prayer.

### A.     The Declaratory Relief Cause of Action Is on a Contract

If a cause of action is "on a contract," and the contract provides the prevailing party shall recover attorney fees incurred to enforce the contract, then attorney fees must be awarded on the contract claim in accordance with Civil Code section 1717. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 615–617.)

"'California courts construe the term "on a contract" liberally. "'As long as the action involve[s]" a contract it is "'on [the] contract'" within the

8.

meaning of [Civil Code] section 1717. [Citations.]' [Citations.]" [Citation.]' [Citations.] To determine whether an action is on the contract, we look to the complaint and focus on the basis of the cause of action. [Citations.] Any action that is based on a contract is an action on that contract regardless of the relief sought. [Citation.]" (*Brown Bark III*, *L.P. v. Haver* (2013) 219 Cal.App.4th 809, 821-822.)

Here, in their claim for declaratory relief, plaintiffs requested the trial court determine the parties' rights and duties under the 1998 agreement. That agreement included an attorney fee provision. Because plaintiffs' action for declaratory relief requires an interpretation of the agreement, it was on a contract. (*Texas Commerce Bank v. Garamendi* (1994) 28 Cal.App.4th 1234, 1246.) Hence, such a claim is "on a contract" for purposes of Civil Code section 1717. (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 348 ["'Actions for a declaration of rights based upon an agreement are "on the contract" within the meaning of Civil Code section 1717'"]; see also *City and County of San Francisco v. Union Pacific R.R. Co.* (1996) 50 Cal.App.4th 987, 999–1000; *Las Palmas Associates v. Las Palmas Center Associates* (1991) 235 Cal.App.3d 1220, 1259.)

## B. The Reciprocal Provisions of Civil Code Section 1717 Apply

### 1. *Prevailing party*

In an action on a contract, where the contract specifically provides attorney fees and costs incurred to enforce the contract will be awarded either to one of the parties or to the prevailing party, the party who is determined to be the prevailing party on the contract, whether a party to the specific contract or not, is entitled to reasonable attorney fees in addition to other costs. (Civ. Code, § 1717, subd. (a); *Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1113.)

Here, there is no dispute defendants were the prevailing parties. Defendants prevailed by successfully demurring to plaintiffs' first amended complaint. The trial court permitted leave to amend, however, the second amended complaint named only United Hmong Council, Inc., as plaintiff. Consequently, judgment was entered in favor of defendants Hmong International New Year Foundation, Inc., Charlie Vang, Joseph Youa Vang, Zang Her, and Liahoua Vang against plaintiffs George Vue and Ly Pao

9.

Yang. Additionally, judgment was entered in favor of defendant Liahoua Vang against plaintiff United Hmong Council, Inc.

### 2. *Nonsignatories*

Here, the trial court concluded that because plaintiffs George Vue, Ly Pao Vang and the United Hmong Council, Inc., were signatories to the 1998 agreement that included an attorney fee provision, had plaintiffs prevailed in their claims against defendants, they would have been entitled to recover their fees. Whether a party to the agreement or not, defendants are entitled to attorney fees as the prevailing parties pursuant to subdivision (a) of section 1717 of the Civil Code.

In *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124 (*Reynolds*), our Supreme Court held that a nonsignatory defendant has a Civil Code section 1717 reciprocal right to attorney fees where (1) the nonsignatory defendant is sued on the ground that he stands in the shoes of a party to the contract, and (2) the defendant would be liable for fees had the signatory plaintiff prevailed on the contract action. (*Reynolds*, at p. 128.) The *Reynolds* defendants were sued on the theory they were alter egos of the corporate entity that had signed promissory notes with an attorney fee provision. The defendants were held not liable on the notes and awarded attorney fees under the reciprocity provision of section 1717. The *Reynolds* court reasoned:

> "Had plaintiff prevailed on its cause of action claiming defendants were in fact the alter egos of the corporation [citation], defendants would have been liable on the notes. Since they would have been liable for attorney's fees pursuant to the fees provision had plaintiff prevailed, they may recover attorney's fees pursuant to section 1717 now that they have prevailed." (*Id.* at p. 129.)

Defendants Joseph Youa Vang and Zang Her were signatories to the 1998 agreement in their representative capacities. To the degree defendants Hmong International New Year Foundation, Inc., Charlie Vang, and Liahoua Vang were not signatories to the 1998 agreement, we find they stood in the shoes of the other signatory defendants. (See *Cargill*, *Inc. v. Souza*, *supra*, 201 Cal.App.4th at p. 966.) Further, we find that had plaintiffs prevailed in their causes of action, they would have succeeded in

10.

showing an improper assignment occurred, triggering a breach of contract and/or fiduciary duty. That result would likely have given plaintiffs the right, as they reference in their first amended complaint, to "assume operations of the [Hmong] New Year Celebration." Hence, plaintiffs would have been entitled to attorney fees as provided for in the 1998 agreement.

### 3. *Fee provision is applicable*

Plaintiffs assert the express terms of the 1998 agreement make it inapplicable to this dispute. This claim has no merit.

Plaintiffs' opening brief quotes only a portion of the fee provision in support of this assertion. A reading of the entire provision makes it clear fees can be awarded in this dispute. The agreement provides, in significant part, as follows: "Should any litigations be commenced between the parties hereto concerning this Agreement, *or the rights and duties of any party in relation thereto*, the party prevailing … shall be entitled … to recover from the losing party a reasonable sum" in attorney fees. (Italics added.) Thus, unlike *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 896 cited by plaintiffs, the provision at issue here does not limit the provision only to the parties named in the agreement. (*Cargill, Inc. v. Souza*, *supra*, 201 Cal.App.4th at pp. 967-969.) This dispute pertains to the rights and duties of *any party in relation to* the 1998 agreement. That language includes defendants.

### 4. *Third party beneficiaries*

A nonsignatory party may be entitled to attorney fees where the nonsignatory party is a third party beneficiary of the contract. (*Cargill, Inc. v. Souza*, *supra*, 201 Cal.App.4th at p. 966.)

> """"The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract."" (*Prouty v. Gores Technology Group* (2004) 121 Cal.App.4th 1225, 1232.) However, a third party beneficiary need not be named in the contract where the agreement reflects the intent of the contracting parties to benefit the unnamed party. (*Sessions* [*Payroll Management, Inc. v. Noble Construction Co.*,] *supra*, 84

11.

Cal.App.4th at p. 680.)  The unnamed third party may enforce the contract if that party can show that he or she is a member of a class for whose benefit the contract was made.  (*Prouty v. Gores Technology Group*, *supra*, 121 Cal.App.4th at p. 1232.)  Whether the signatory parties actually promised the performance sought by the third party beneficiary is largely a question of interpreting the written contract.  (*Sessions*, *supra*, 84 Cal.App.4th at p. 680.)"  (*Cargill*, *Inc. v. Souza*, *supra*, 201 Cal.App.4th at p. 967.)

In this case, the agreement was entered into by three public benefit corporations. A public benefit corporation is organized for the public benefit or for charitable purposes. (Corp. Code, § 5111.)  Specifically here, the record is replete with references to the fact the 1998 agreement was entered into with the intent to benefit the Hmong community as a whole by consolidating previously separate and competing Hmong New Year celebrations into a single, unified event.  As a result, we find the nonsignatory defendants are third party beneficiaries of the 1998 agreement.

### 5.     *Summary*

Lastly, we note plaintiffs cite a number of authorities in support of their aforementioned argument.  We do not address each citation here.  Suffice to say, those authorities are either not inconsistent with the authorities cited herein, or are distinguishable on their facts.  Our independent review of the legal basis for the trial court's award of attorney fees reveals no error.  Accordingly, we will affirm the trial court's ruling in this regard.

## II.     **The Fees Awarded by the Trial Court Were Reasonable**

Plaintiffs contend the number of hours claimed by defendants was excessive and the trial court failed to conduct an adequate review of the hours claimed.  We disagree.

"[T]he determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion."  (*Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623.)  "'Discretion is abused in the legal sense "whenever it may be fairly said that in its exercise the court in

a given case exceeded the bounds of reason or contravened the uncontradicted evidence." [Citations.]' [Citation.]" (*Hadley v. Krepel* (1985) 167 Cal.App.3d 677, 682.)

The trial court's first step in determining reasonable attorney fees is to establish "the lodestar figure—a calculation based on the number of hours reasonably expended multiplied by the lawyer's hourly rate." (*EnPalm, LLC v. Teitler* (2008) 162 Cal.App.4th 770, 774.) The lodestar figure is subject to adjustment, based on "'a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case.' [Citation.]" (*PLCM Group, Inc. v. Drexler*, *supra*, 22 Cal.4th at p. 1096.)

A party seeking recovery of attorney fees and costs should submit sufficiently detailed records to enable a court to determine the nature of the litigation, its difficulty, the amount of time required to address the issues, the skill involved, the attention given, the success or failure, and other circumstances of the case. (*PLCM Group, Inc. v. Drexler*, *supra*, 22 Cal.4th at p. 1096.)

In this case, plaintiffs do not argue the hourly rate employed in calculating fees is erroneous. Rather, they assert "it does not appear that the trial court made any attempt to review reasonableness of the number of hours claimed by defendants' counsel." This claim lacks merit.

We note defendants submitted sufficiently detailed records in support of their motion. (*PLCM Group v. Drexler*, *supra*, 22 Cal.4th at p. 1096.) Further, a review of the trial court's tentative ruling reveals it considered all pleadings submitted on the issue. Thus, we presume it examined the evidence, including the specific number of hours claimed and the evidence in support thereof. (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1324 [it is trial court's role to examine the evidence; we presume trial court performed its duty].)

More particularly, in explaining its decision to deny defendants' request for a multiplier, it is plain the trial court concluded the remainder of the request to be reasonable:

> "Defendants ask the court to apply a 1.25 multiplier, but the court DENIES this request. After taking into account the nature of the case, its difficulty, the amount involved, the skill required and employed, and attention required, the degree of success, and other circumstances, the court finds that the case was a basic contract action that did not involve substantial complexity. Furthermore, the matter did not require extensive expert testimony or a significant number of witnesses. And the matter was resolved at the demurrer stage and did not require a trial on the merits. While counsel did face the additional burden of translating matters from the Hmong language into English, this factor standing alone does not merit a multiplier. [Citations.]"

The trial court was mindful of the fact that, as plaintiffs assert, "the case remained in the early pleading stage," yet determined that given the circumstances presented, 220 hours was not unreasonable. The court acknowledged the burden faced by defense counsel for language or translation issues. It can be reasonably inferred on this record that the court was persuaded by defense counsel's contention it was necessary he learn Hmong history, tradition, and culture in order to properly represent his clients. Therefore, the trial court's finding does not exceed the bounds of reason. (*Hadley v. Krepel*, *supra*, 167 Cal.App.3d at p. 682.)

Without analysis or explanation, plaintiffs assert "the trial court should have made a determination under the *Serrano v. Priest* standard as to the reasonableness of the hours spent on the task involved," contending the trial court abused its discretion. We find no such abuse.

In *Serrano v. Priest* (1977) 20 Cal.3d 25, Public Advocates, Inc., appealed an award of attorney fees, arguing it was inadequate in light of the circumstances of the case. It contended the trial court "failed to take adequate account of the novelty and extreme difficulty of this litigation, its extremely contingent character, the significance of the issues determined, and the standard which the award in this case will set for similar awards in future cases." (*Id.* at p. 48.)

14.

Here, the trial court had before it defendants' points and authorities, the declarations of defense counsel, and the relevant billing records. As noted above, it considered the nature of the case, the complexity of the issues presented, as well as the stage of the proceedings, and the particular circumstances of the case. (See *PLCM Group, Inc. v. Drexler*, *supra*, 22 Cal.4th at p. 1096.) Those considerations are analogous to the novelty and difficulty of this litigation and the significance of the issues presented in *Serrano v. Priest*. The "extremely contingent character" and the effect of the award in the future (*Serrano v. Priest*, *supra*, 20 Cal.3d at p. 48) are not relevant here given the nature of the proceedings. *Serrano* concerned the eligibility of the plaintiffs' attorneys for the award of fees under the "private attorney general" theory. (*Id.* at p. 47.) Even assuming any standard it articulated is applicable here, we find no error.

In sum, the trial court's consideration was proper and we find no abuse of discretion as to its award of attorney fees.

For the foregoing reasons, we conclude the trial court did not err in granting defendants' motion for attorney fees in the sum of $88,742.47.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to defendants.

_____
PEÑA, J.

WE CONCUR:


_____
LEVY, Acting P.J.


_____
DETJEN, J.

15.